**NARDI, Plaintiff-Appellant, v RELIABLE TRUCKING CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20951. Decided June 7, 1948.

554

Sindell & Sindell, Cleveland, for plaintiff-appellant.

Snyder, Seagraves, Roudebush· & Adrion, Cleveland, for defendant-appellee.

## OPINION

By HURD, PJ.

This is an appeal on questions of law from a judgment of the common pleas court of Cuyahoga county, wherein a verdict and judgment was rendered in favor of the defendant, in an action for personal injuries alleged to have been sustained by the plaintiff growing out of a collision between a three and one-half ton stake truck and a police tow truck, the latter being driven by the plaintiff.

The accident occurred February 2, 1945 at about 1:20 P. M. in front of a loading platform at 4616 Hamilton Avenue in the City of Cleveland, Ohio. Both parties agree that the street was covered with a layer of ice at the time and place of the collision. There is evidence in the record tending to show that one Albert Toth, the driver for the defendant, Reliable Trucking Company, first drove his truck down East 45th Street north to Hamilton Avenue and then east to a place opposite the loading dock of the Cleveland Brass Mfg. Co., at which point he drove his truck to the north side of Hamilton Avenue and parked the truck headed east at an angle along side the north curb with the rear end of the truck extending out into the street. The truck was equipped with rear view mirrors

on the right and left sides and had a rear window in the cab which was at the time of no benefit to the driver because his view was obscured with a load of corrugated paper boxes.

Toth testified in substance that after he had stopped his truck in the position above indicated, he looked in both directions even to the extent of getting out of his truck on to the running board to do so but saw no traffic coming in either direction. That thereupon he got into the cab and started to back the truck across the highway. The first that he knew of a collision was when he "heard a crash behind the truck."

Plaintiff testified that he drove the police tow truck north on East 45th Street and had turned east on Hamilton Avenue and proceeded east at about 18 to 20 miles per hour. He testified further that:

"As I approached 4629 Hamilton Avenue I saw the big truck parked on the north side of the street and I saw he started to back up and I blew my horn and put my brakes on and he come suddenly and he rammed right into me as I had my hand on the horn, and he pushed me against the right side of the door and smashed all my left side door in, and knocked the horn button on the ceiling and came down on the floor board and I laid down on the seat. * * *."

"On cross-examination he testified in substance that he began pumping his brakes and sounding his horn when he first saw the truck backing up; that he was 35 to 55 feet from the truck at that time; that he pumped his brakes once or twice but the defendant's truck kept backing up; that his brakes were on full about three or four feet before the impact and at the moment of the impact; that he had slackened his speed to four or five miles per hour at the time of the impact; that he could not stop on the icy pavement before the impact and that he could not move to the right because he would have run into the parked cars.

There is evidence in the record tending to show that after the collision the right rear of defendant's truck was pinned against the left side of plaintiff's truck; that the defendant's truck after the collision was across the highway about eight feet south of the center line of Hamilton Avenue and eight feet north of the south curb.

It was stipulated that the width of Hamilton Avenue at the point of the collision was 38 feet, 1-½ inches.

The plaintiff sets forth two assignments of error as follows:
1. Error in the general charge to the jury.
2. Abuse of discretion in refusing to grant a new trial for misconduct of a juror.

Considering first the charge of misconduct of a juror upon which counsel have cited and quoted many authorities, we have reached the conclusion since the refreshing decision of the Supreme Court in the case of **Pearson v Cartage Co., 148 Oh St 425; 36 O. O. 77** (which was decided since the trial of the instant case) that the question of misconduct of jurors on voir dire examination is a matter exclusively within the sound discretion of the trial court, when the propriety of the participation of such juror is properly raised and the Court of Appeals may not reverse on this ground unless it clearly appears that the trial court abused its discretion in accordance with §11364 GC, in overruling the motion for new trial. We find no abuse of discretion by the trial court in this respect. This brings us to a consideration of the principal assignment of error, namely, that the court erred in its charge to the jury. The particular part of the charge complained of is as follows:

"I charge you that where one, without fault of his own, is placed in a position of great mental stress or sudden emergency, the same degree of care is not required of him as required of one who is acting under normal conditions. The test to be applied by you is whether the person in such position **if you find either of these parties in this lawsuit have been placed in such position of great mental stress or sudden emergency,** that it attempted to do what a **reasonably prudent person would have done under the same or similar circumstances.** If, therefore you find from all the evidence —well I think that is sufficient on that point." (Emphasis ours.)

It is claimed that this charge of the court was prejudicially erroneous in the following respects:

1. It injected a new issue into the case not raised by the pleadings or the evidence, namely, that the defendant driver may have been confronted with an emergency.

2. It defined and applied a different and lesser standard of care to the defendant driver than the standard of care set forth in §6307-37 GC.

3. It was an incomplete definition of the doctrine of emergency as applied to this case and it failed to relate the doctrine of emergency to the doctrine of contributory negligence.

4. It placed too great a burden on the plaintiff to prove not only negligence but also that the defendant driver was not in an emergency.

We think the evidence in this case was such as to entitle plaintiff to a charge on the doctrine of sudden emergency, particularly in view of the evidence of an icy pavement, the

testimony of the driver of defendant that he looked for traffic before starting to back up, that he saw none although plaintiff's truck was there, the testimony of plaintiff that he continually sounded his horn before the collision and other facts in the evidence too numerous to detail, all tending to show a situation of peril and emergency.

On the other hand, we find there is no evidence in the record which would justify an inference that defendant was confronted by a sudden emergency or that he was in a perilous situation. On the contrary, the emergency, if any, was created by the conduct of defendant's driver in backing his truck in such a manner as to obstruct the highway.

The effect of the charge of the court in giving defendant the benefit of the sudden emergency doctrine was to inject an issue into the case which was not raised by the pleadings or the evidence. See 2 **O. Jur, Appeal & Error, paragraph 774, page 952:**

"Injecting new issues into case: It is clearly reversible error for the court in its instructions to inject into the case issues and questions not raised by the pleadings or evidence, if they have a tendency to confuse the questions properly in the case and to mislead the jury to the prejudice of the plaintiff in error."

See also: **Pearlstein v MacGregor Home, 79 Oh Ap 526; 35 O. O. 362** (motion to certify overruled April 30, 1947) and other cases cited therein.

Considering next, the claim that the charge of the court reduced the statutory degree of care required of defendant in backing his vehicle across the highway to the lesser degree of ordinary care, we think the claim of plaintiff well founded, in view of the decision of the Supreme Court in the case of **Bush v Transfer Co., 146 Oh St 657; 33 O. O. 154.**

In the instant case the court read to the jury §6307-37 GC as follows:

"No person shall start a vehicle which is stopped, standing or parked, unless and until such movement can be made with reasonable safety, and before backing operators of vehicles shall give ample warning while backing and shall exercise vigilance not to injure persons or property on the highway."

The court then said to the jury:

"I charge you that the violation of this statute would constitute negligence per se actionable negligence."

Thus the court submitted for consideration of the jury a standard of statutory duty devolving upon the defendant in backing his automobile truck across the highway, the violation of which would constitute negligence per se. The standard of care required by statute was then reduced to ordinary care when the court in its charge stated:

"The test to be applied by you is whether the person in such position, if you find either of these parties in this lawsuit have been placed in such position of great mental stress or sudden emergency that it attempted to do what a reasonably prudent person would have done under the same or similar circumstances. If, therefore, you find from all the evidence—well I think that is sufficient on that point."

In the case of Bush v Transfer Co., supra, the trial court was presented with an analogous situation. In that case the court charged that the violation of §6307-64 GC and §6307-100 GC relating to the stopping or parking of vehicles upon the paved or main travelled portions of the highway would constitute negligence per se. However, before argument, the court had given a special charge Number Four, reading as follows:

"I charge you that where one without fault of his own is placed in a situation of sudden emergency he is not to be held to the exercise of the same care and circumspection that is required of one who is acting under normal conditions where no emergency is present. The test to be applied is whether or not the person in such a situation of sudden emergency did or attempted to do **what a reasonably prudent person would have done under the same or similar circumstances.** If, therefore, you find from the evidence in this case that the driver of the Harvey Transfer Company truck, Hobart Hopper, without fault of his own, was placed in a situation of sudden emergency and that while in such a situation **he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances, then he was not negligent."** (Italics Sup. Ct.)

At page 664, Hart, J., speaking for the majority of the court said:

"The court, by this special charge, attempted to state what the law required the driver of the Harvey truck to do when his truck became disabled on the public highway. Two

members of the Court of Appeals were of the opinion that the special charge was erroneous and prejudicial to the plaintiff. This court concurs in this view.

Since the failure to comply with the provisions of a safety statute constitutes negligence per se, a party guilty of the violation of such statute cannot excuse himself from compliance by showing that 'he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances.' A legal excuse precluding liability for injuries resulting from the failure to comply with the statutory requirements respecting the operation of a motor vehicle on the public highways, must be some thing that would make it impossible to comply with the statute, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the statute itself. The instruction of the court in the instant case substituted the rule of ordinary care for the specific requirements of the statute. It made the duty of the defendant, Harvey Transfer Company the same as it would have been had the statute not been enacted. **Kormos v Cleveland Retail Credit Men's Co. 131 Oh St 471, 3 N. E. (2d) 427;** See **Matz, Admr. v J. L. Curtis Cartage Company, 132 Oh St 271, 275,** 7 N. E. (2d) 220; **Swoboda v Brown, 129 Oh St 512, 522, 196 N. E.** 274; **Simko v Miller, 133 Oh St 345, 13 N. E. (2d) 914; Kohn Admrx v B. F. Goodrich Co. 139 Oh St 141, 146, 38 N. E. (2d)** 592; **Satterthwaite v Morgan Jr. 141 Oh St 447, 49 N. E. (2d) 653;** Kadlec v Al Johnson Construction Co. 217 Iowa 299, 252 N. W. 103; Schwind Jr. Admr. v Gibson, 220 Iowa 377, 260 N. W. 853; Young v Hendricks, 226 Iowa 211, 283 N. E. 895; Andrew v White Bus Line Corp. 115 Conn. 464, 161 A. 792; Giancarlo v Karabanowski 124 Conn. 223, 198 A. 752."

The principle enunciated in the case of Bush v Transfer Company is equally applicable to the situation presented in the instant case.

We conclude, therefore, that in this particular respect the charge of the court was prejudicially erroneous.

We think that the charge was also erroneous in that the court did not relate the doctrine of sudden emergency to the doctrine of contributory negligence as it might apply to the plaintiff. The court had been specifically requested to give such a charge as appears in the record as follows:

"The Court: Is there anything further occurs to counsel?

Mr. Sindell: Ask the Court to charge the doctrine of emergency as set out in syllabus 3, 55 Oh St 343, because the

way you stated it you made it appear that the defendant's truck could have been an emergency. The only emergency was to the plaintiff."

At the close of the charge plaintiff's counsel again excepted.

"Mr. Sindell: Let the record show on behalf of the plaintiff * * * we take special exception to the court's refusal to charge the third syllabus of **55 Oh St 343,** or any modification of the question of emergency, because we state that when the Judge charged emergency in his charge, he made it appear as though the defendant could have been involved in an emergency as well as the plaintiff, whereas, in fact the only emergency that was created was by the defendant's act, if any, and the plaintiff was placed in that emergency. The defendant never claimed that he was in any emergency nor did his evidence tend to show an emergency."

The doctrine of sudden emergency referred to in **Penna. R. R. Co. v Snyder, 55 Oh St 342** is as follows:

"When a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that as a matter of law he is guilty of contributory negligence because he fails to make the most judicious choice between hazards presented or would have escaped injury if he had chosen differently. The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do in the presence of such existing peril, and is one of fact for the jury."

We think it unnecessary to extend this opinion to any further length, consequently we will omit any discussion of the fourth point claimed by the plaintiff as constituting error on this phase of the case.

In conclusion, we wish to emphasize the proposition that this court is not attempting to pass upon the ultimate questions of fact presented by the record—whether the defendant's driver was guilty of a violation of a statutory duty and therefore guilty of negligence per se, or whether the plaintiff was contributorily negligent, as well as the question of proximate cause. These are all questions of fact for the determination

of the jury under proper instructions of the court on questions of law.

For the reasons stated the judgment in favor of the defendant is reversed and the cause is remanded to the common pleas court for a new trial in accordance with this opinion.

Exc. Order See Journal.

MORGAN, J, SKEEL, J, concur.