Zimmerman, J.
 

 In the presentation of his present appeal to this court, plaintiff makes three principal claims, first, that the amendment to Section 6, Article IV of the Constitution of Ohio, effective January
 
 t,
 
 1945, operated to validate and revitalize Section 12223-2, General Code, as it then existed, so that the granting of a motion for new trial, after the effective date of such constitutional amendment, constituted a final order reviewable on appeal, second, that the trial court actually committed an abuse of discretion in granting
 
 *494
 
 the motion for a new trial and the Court of Appeals did not afford plaintiff a fair opportunity to demonstrate such fact, and, third, that, since the alleged erroneous instruction related only to one of the several negligent acts charged against defendant and there was a general verdict for plaintiff, the so-called two-issue rule applied and an erroneous instruction affecting only one of such grounds of negligence could not have been prejudicial.
 

 We shall discuss these claims in the order stated.
 

 As has already been noted, the present action was instituted in May 1942. In 1939 this court decided the case of
 
 Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 20 N. E. (2d), 221; a part of the syllabus whereof reads as follows:
 

 ‘ ‘
 
 2. An order of a tidal court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.
 

 ‘‘ 3. The jurisdiction of the Court of Appeals is conferred by Section 6, Article IV of the Constitution, and cannot be enlarged or curtailed by legislative action.
 

 “4. The amendment of Section 12223-2, General Code (117 Ohio Laws, 615), effective August 23, 1937, providing that ‘ vacating or settling aside a general verdict of a jury and ordering a new trial, is a final order,’ would, if given effect, enlarge the jurisdiction of the Court of' Appeals, and is therefore, in conflict with Section 6, Article IV of the Constitution.”
 

 When the instant action was commenced, the decision in the
 
 Hoffman case
 
 was controlling. In 1947 the General Assembly amended Section 12223-2, Gen
 
 *495
 
 eral Code, and included therein the provision that “an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified or reversed.” However, nothing was said to indicate that the amendment was intended to apply to pending actions and under Section 26, General Code, this omission left pending actions unaffected by the language of the amended section. Nor do we think that the amendment of Section 6, Article IV of the Constitution of Ohio, effective in 1945, providing that the laws then in force should govern the hearing, trial and review of cases, operated to bring this action, begun in 1942, within the 1947 amendment of Section 12223-2, General Code. It is our opinion that the holding in the
 
 Hoffman case
 
 applies to the instant controversy.
 

 Did the trial court abuse its discretion in granting defendant’s motion for a new trial? In connection with the granting of such motion the trial judge made certain findings in writing. He reached the conclusion, as expressed in his memorandum, that “that part of the charge, to the effect that the defendant’s failure to comply with the P. U. C. 0. safety regulations as to lights and reflectors, would constitute negligence,” was prejudicially erroneous, and cited
 
 Mats
 
 v.
 
 J. L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 287, 7 N. E. (2d), 220, 228. Assuming, for the purposes of this discussion, that the. trial judge was wrong in his conclusion, it would seem plain that he was chargeable with no more than an error of law or of judgment. With respect to such matter this court announced the following rules in the syllabus of
 
 Steiner
 
 v.
 
 Custer,
 
 137 Ohio St., 448, 31 N. E. (2d), 855:
 

 “1. The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appeal's that the court granting such motion abused its discretion in so doing.
 

 
 *496
 
 '■‘2. The meaning of the term ‘abuse of discretion’ in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. ’ ’
 

 As to the applicability of the two-issue rule with respect to the instruction found erroneous in the present case, this was an action grounded on negligence; there was but
 
 one
 
 cause of action stated in the petition with several specifications of negligence and the jury returned a general verdict for plaintiff. In these circumstances the two-issue rule may not be invoked to cure an error in the instructions relating to one of the specifications of negligence and to support the verdict.
 
 H. E. Culbertson Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 175 N. E., 205;
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 183 N. E., 873, 92 A. L. R., 15;
 
 Readnour
 
 v.
 
 Cincinnati Street Ry. Co., ante,
 
 69, 93 N. E. (2d), 587.
 

 The answers given by the jury to the interrogatories submitted upon the trial of the action are not of such a character as to aid plaintiff in his third contention. We find no error in the judgment of the Court of Appeals and such judgment is, accordingly, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.