This is an appeal on questions of law from a judgment entered on a verdict for plaintiff in the sum of $8,500.
Upon the voir dire, one of the jurors, Fussnecker, stated that he carried automobile liability insurance in the Motorists Mutual Insurance Company. (It appears from the briefs that this company carried the insurance upon the defendant.)
Challenge by the plaintiff for cause was sustained. The error assigned is not that the interrogatory relating to liability insurance was improper; but defendant contends that inasmuch as the plaintiff could have exercised a peremptory challenge, the challenge for cause should have been overruled. Since a qualified juror replaced the discharged juror, it is difficult to perceive how the defendant was or could be prejudiced by the sustention of the challenge for cause. Unless an abuse of discretion is clearly shown with regard to rulings on the selection and qualification of jurors, they do not constitute ground for reversal. Thus, the determination of a challenge on suspicion of prejudice or partiality will not, unless there be a clear abuse of discretion by which a party has been deprived of his right to an impartial jury, be regarded as a ground of reversal of the judgment, whether such challenge be sustained or overruled. 3 Ohio Jurisprudence (2d), 741, 742, Section 763; 4 Ohio Jurisprudence (2d), 156, 157, Section 923; Dew v.McDivitt, 31 Ohio St. 139; Lingafelter v. Moore, 95 Ohio St. 384,117 N.E. 16; Pearson v. Gardner Cartage Co., Inc.,148 Ohio St. 425, 76 N.E.2d 67; Lake Shore M. S. Ry. Co. v.Reynolds, Admr., 21 C. C., 402, 11 C. D., 401; Weaver v.Gale, Exr., 56 Ohio Law Abs., *Page 407 
178, 91 N.E.2d 808; Nardi v. Reliable Trucking Co., 85 Ohio App. 122, 81 N.E.2d 411; Sutfin, Admr., v. Burton, 91 Ohio App. 177, 104 N.E.2d 53. An "abuse of discretion" connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Steiner v. Custer, 137 Ohio St. 448,31 N.E.2d 885; Klever v. Reid Bros. Express, Inc., 154 Ohio St. 491,96 N.E.2d 781. Furthermore, as stated by Shauck, J., inLoudenback v. Lowry (1889), 4 C. C., 65, 2 C. D., 422, "The plaintiff's right was to have his cause submitted to a competent jury. It was not material that this particular juror should sit, and his place was filled by one whose legal qualifications have not been questioned."
Error is assigned also to the admission of testimony of a deputy clerk of the Probate Court relating to the life expectancy of the plaintiff based upon the American Experience Table. Mortality tables are frequently employed in wrongful death cases and to appraise loss of earnings in personal injury cases wherein injuries are shown to be permanent. Such tables are not conclusive, and the jury should be so instructed. 25 Corpus Juris Secundum, 594, Section 81. However, the failure of the court in the instant case to so inform the jury was an error of omission and not prejudicial. Haase v. Ryan (1955), 100 Ohio App. 285.
Error is assigned also to the use of a blackboard by plaintiff's counsel to illustrate and emphasize his argument. The use of blackboards at a trial is common practice. The extent to which a blackboard sketch may be used also rests in the sound discretion of the trial court. Cincinnati Street Ry. Co. v.Waterman, 50 Ohio App. 380, 198 N.E. 494. Cf. Gibson v.Johnson, 69 Ohio App. 19, 42 N.E.2d 689; Burnside v.Cincinnati St. Ry. Co., 93 Ohio App. 456, 113 N.E.2d 638; 9 A. L. R. (2d), 1044, 1074. It has been held that counsel may use diagrams and calculations not in evidence, in argument to the jury. 88 Corpus Juris Secundum, 348, Section 177, citingClisby v. Mobile Ohio Rd. Co., 78 Miss. 937, 29 So. 913;Haley v. Hockey, 199 Misc. 512, 103 N.Y. Supp. (2d), 717. It is to be observed, however, that upon objection timely made the jury should be instructed that neither such diagram nor argument *Page 408 
of counsel is evidence. Since neither the arguments of counsel nor a photograph of the writing upon the blackboard is incorporated in the record, no error appears.
No error prejudicial to the defendant appears upon this review, and the judgment is affirmed and the cause is remanded to the Common Pleas Court for execution.
Judgment affirmed.
MILLER, P. J., and HORNBECK, J., concur.
FESS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.