Per Curiam.

Summarizing the assignments of error, the question presented to this court is limited to a determination of whether the judgment of the Court of Appeals that the Court of Common Pleas did not abuse its judicial discretion in granting the complainant a new trial was error.
“Abuse of discretion,” in the sense of this question, has been defined in substantially the same language in the cases of Steiner v. Custer, 137 Ohio St., 448, 31 N. E. (2d), 855, and Klever v. Reid Bros. Express, Inc., 154 Ohio St., 491, 96 N. E. (2d), 781.
Paragraph two of the syllabus in the Klever case is as follows:
‘ ‘ 2. The term, ‘ abuse of discretion, ’ as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion.”
However, in neither of the above eases was the new trial granted on the ground that the verdict was not sustained by sufficient evidence, as is the case here. The unusualness of the instant case in part prompted the allowance of the motion to certify.
The law recognizes that the discretion of the trial court in this area can be abused. Apparently the Legislature has sought to minimize this possibility by the enactment of Section 2321.18, Revised Code, providing that only one new trial may be granted in the same case on such ground.
If we assume as do both parties that the sustaining of a *534 motion for new trial can be a final order only if the trial court abused its discretion in sustaining such motion (see Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. [2d], 221, and paragraph one of the syllabus in Steiner v. Custer, supra, but see State (ex rel. Devine, Pros. Atty.) v. Harter, Judge, ante, 51, 54, 55, 146 N. E. [2d], 437, and Lehman v. Haynam, 164 Ohio St., 595, 602, 133 N. E. [2d], 97, 102), nevertheless, in such case, the Court of Appeals upon review must go thoroughly into the record before it can determine that there was no abuse of discretion in granting a new trial and therefore no final order from which appeal could be made.
It now appears from the briefs and arguments that defendant bases his claim that the trial court abused its discretion in sustaining plaintiff’s motion for a new trial both on alleged unreasonable and arbitrary action of the court during the trial and for the reason that “this matter was properly submitted to the jury which after due deliberation considered the evidence submitted and the credibility of the witnesses, unanimously found for the defendant.”
As to the claimed unreasonable and arbitrary action of the court during the trial, this claim is not covered in the assignments of error, and, furthermore, such claimed conduct could not have affected the jury to the prejudice of the defendant, since the verdict was in his favor.
As to the claimed abuse of discretion as it relates to the granting of a new trial, it is noted that neither party was deprived of the right to full presentation of his or her evidence. No error of law was claimed by defendant as to the charge to the jury or in the trial itself, except as noted above and not considered pertinent here. The jury twice submitted to the court questions which sought additional instructions on evidentiary matters. When the verdict was returned, the court accepted it but immediately told the jury in no uncertain terms that it felt that the verdict was wrong, that the evidence was completely clear that the defendant was guilty, and that it was going to set aside the verdict and order a new trial. After entering judgment for defendant in accordance with the verdict, the trial court thereupon sustained the motion of plaintiff for a new trial.
The question then is not whether a majority of the members of the Court of Appeals or of this court would have granted *535 or denied a new trial upon the same evidence that the trial court heard, but whether the Court of Appeals erred in finding that no abuse of discretion, as defined in the Steiner and Klever cases, supra, was established.
To a majority of this court, the record fails to show an unreasonable, arbitrary or unconscionable attitude on the part of the trial court in sustaining such motion, and, therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Stewart, Taet, Matthias and Herbert, JJ., concur.