Taet, J.,
dissenting. On the appeal of the wife to the Court of Appeals, that court reversed the judgment of the Common Pleas Court and remanded the cause for further proceedings “for the reason that * * * the trial court abused its discretion in the apportionment of the property between the parties.”
That judgment of reversal must necessarily have been based upon a conclusion by the Court of Appeals that the Common Pleas Court erred in apportioning too small an amount of property to the wife. Otherwise, there would have been no prejudice to the wife and the judgment which she appealed from would have been affirmed. Section 2309.59, Revised Code.
The parties to this action both recognize, as the majority opinion apparently does, that the words “abuse of discretion” can import misconduct no more culpable than indicated by this court’s definition in Steiner v. Custer, 137 Ohio St., 448, 31 N. E. (2d), 855. In paragraph two of the syllabus of that case it is said:
“The meaning of the term ‘abuse of discretion’ * * * connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.” (Emphasis added.)
To the same effect see Klever v. Reid Bros. Express, Inc., 154 Ohio St., 491, 96 N. E. (2d), 781, paragraph two of the syllabus, Poske v. Mergl, 169 Ohio St., 70, 75, 157 N. E. (2d), 344, Thompson v. Titus, 169 Ohio St., 203, 158 N. E. (2d), 357, State, ex rel. Blasko, v. McGinnis, 167 Ohio St., 532, 150 N. E. (2d), 409.
Thus, the finding of the Court of Appeals, that “the trial *91 court abused its discretion in” apportioning too small an amount of property to the wife, cannot be said to necessarily indicate a finding that the trial judge did anything worse than exhibit an “unreasonable * * * attitude” in apportioning too small an amount of the property to the wife. In short, it may represent merely a determination by the Court of Appeals that the trial judge was “unreasonable” in apportioning too small an amount to the wife.
As the majority opinion recognizes, our decisions have consistently held that, in making a determination as to the amount of alimony, the trial court must award what is “reasonable” and “equitable”; and the determination of what amount is reasonable and equitable necessarily involves a weighing of the evidence. Henry v. Henry, 157 Ohio St., 319, 105 N. E. (2d), 406, paragraph one of the syllabus.
In the syllabus in Dennison v. Dennison, 165 Ohio St., 146, 134 N. E. (2d), 574, this court unanimously stated:
“* * * the allowance of permanent alimony is left to the sound discretion of the trial court, subject to revieiv by the Court of Appeals upon the questions of the tueight of the evidence and abuse of discretion.” (Emphasis added.)
As necessarily indicated by paragraph one of the syllabus of our recent unanimous decision in Poske v. Mergl, supra (169 Ohio St., 70), “where the evidence'in the trial of a case is such that” it will support a judgment “for either the plaintiff or defendant, and where” a “court after its review of the evidence * * * is convineed that there is insufficient credible evidence to sustain a judgment * * * such court may, in its discretion, grant not more than one new trial for that reason.”[1]
Thus, a trial court may, on the evidence before it, be unreasonable in allowing too small an amount for alimony, in which event the Court of Appeals can reverse its judgment for “abuse of discretion”; or, even though the trial court was reasonable in its allowance and so did not “abuse its discretion,” *92 the evidence may be such that it would support a reasonable finding of a greater amount than that allowed by the trial court. In the latter event, the Court of Appeals may determine that the allowance by the trial court was too small and reverse its judgment as against the weight of the evidence. Henry v. Henry, supra (157 Ohio St., 319), Dennison v. Dennison, supra (165 Ohio St., 146).
Even though a Court of Appeals may be in error in finding, as in the instant case, that the trial court was unreasonable (“abused its discretion”) because it allowed too small an amount of alimony, its express finding necessarily indicates the conclusion of that Court of Appeals that the evidence required greater allowance and hence necessarily amounts to a finding by that Court of Appeals that the judgment of the trial court was against the weight of the evidence. See Henry v. Henry, supra (157 Ohio St., 319), paragraph two of syllabus. Unless this court can say that reasonable minds could not conclude[2] that the allowance by the trial court was too small (i. e., that, as matter of law, ‘ ‘ the evidence * * * is such that ’ ’ it will not support allowance of a larger amount of alimony[3]) the Court of Appeals had the power to reverse the judgment of the trial court, in the instant case, on the weight of the evidence.
Thus, in order to affirm the judgment of the Common Pleas Court and deny the Court of Appeals the power to reverse that judgment on the weight of the evidence at least once, we must conclude that reasonable minds could not determine, as the Court of Appeals unanimously did, that the allowance of alimony to the wife was too small. The majority opinion does not purport to so conclude although its effect is the same as though it did. It avoids the necessity of reaching that conclusion by erroneously implying, from what the Court of Appeals said, that that court found that the judgment of the Common Pleas Court was not against the weight of the evidence. Certainly, the find *93 ing of the Court of Appeals that the trial court abused its discretion (i. e.j was unconscionable, arbitrary or unreasonable) in apportioning too small an amount of property to the wife could not be reasonably reconciled with any implication of a finding by the Court of Appeals that the judgment of the Common Pleas Court making that apportionment was not against the weight of the evidence.
The judgment of reversal of the Court of Appeals remanding the cause to the Common Pleas Court for further proceedings should either be regarded as a reversal on the weight of the evidence,[4] or the cause should be remanded to the Court of Appeals to determine whether the judgment of the Common Pleas Court is in its opinion against the weight of the evidence.[5]

Section 2821.18, Revised Code, reads:
“The same trial court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case.”

See paragraph four of syllabus of Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246, stating that “where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the” trier of the facts.

Paragraph one of the syllabus of Poske v. Mergl, supra (169 Ohio St., 70).

Henry v. Henry, supra (157 Ohio St., 319), paragraph two of the syllabus, where “judgment of * * * Court of Appeals * * * providing a very substantial increase in the amount * * * allowed * * * wife as alimony * * * treated as a reversal of the judgment of the Common Pleas Court as to alimony on the weight of the evidence.”
In State v. Geghan, 166 Ohio St., 188, 140 N. E. (2d), 790, the Court of Appeals reversed a judgment of conviction and discharged the defendant on the ground that there was insufficient evidence to raise a jury question as to the defendant’s guilt. This court held that there was sufficient evidence to raise such a question but stated that “the Court of Appeals’ * * * unanimous conclusion that this verdict is not supported by sufficient evidence is an expression of its conclusion that the verdict is against the weight of the evidence,” and remanded to the Common Pleas Court for a new trial.
See State v. Robinson, infra, note 5.

In Dennison v. Dennison, supra (165 Ohio St., 146), a trial court allowed no alimony to a wife. The Court of Appeals reversed and remanded with instructions to award alimony. This court reversed and remanded to the Court of Appeals for further proceedings. The opinion states:
* * the Court of Appeals may not hold that the Common Pleas Court must, as a matter of law, make an award of alimony * * . * where the Court of Appeals finds that the judgment of the Court of Common Pleas either is against the weight of the evidence or is an abuse of discretion, its duty is to remand * * * for re-examination.”
In In re Disbarment of Lieberman, 163 Ohio St., 35, 125 N. E. (2d), 328, this court held that a Court of Appeals erred in dismissing specifications and charges against an attorney where there was sufficient evidence to warrant the findings of the Common Pleas Court thereon, but “remanded to the Court of Appeals to consider and pass upon the weight of the evidence.”
In Miller, a Minor, v. Industrial Commission, 158 Ohio St., 551, 110 N. E. (2d), 481, where there was sufficient evidence to support the decision of a *94 trial court for the defendant, this court reversed a judgment of the Court of Appeals rendering judgment for the plaintiff. However, instead of affirming the judgment of the trial court, it remanded the cause to the Court of Appeals “for further proceedings,” In the opinion it is stated:
“The most that the Court of Appeals had the power to do was to reverse on the weight of the evidence and remand for further hearing.”
In State v. Robinson, 161 Ohio St., 213, 118 N. E. (2d), 517, the Court of Appeals had modified a conviction of second degree murder to one of manslaughter. This court held that there was sufficient evidence to sustain a verdict of guilty of second degree murder and remanded the cause to the Court of Appeals “to consider and pass upon the weight of the evidence.” Thereafter (162 Ohio St., 486), after the Court of Appeals rendered the same judgment on the ground that the conviction of second degree murder was against the weight of the evidence, this court reversed the judgment of the Court of Appeals except to the extent that it passed upon the weight of the evidence and remanded the cause directly to the Common Pleas Court for a new trial.