HOTCHKISS, Plaintiff-Appellee, v. HOTCHKISS, Defendant-Appellant.

Ohio Appeals, Seventh District, Geauga County.

No. 330. Decided August 12, 1960.

*Messrs. Bostwick & Bostwick*, for plaintiff-appellee.
*Mr. David J. Eardley*, for defendant-appellant.

(HUNSICKER, J., of the Ninth District, sitting by assignment in the Seventh District.)

For further history see *Omnibus Index* in bound volume.

GRIFFITH, P. J. This is an appeal from an order permitting the plaintiff to remove her two minor daughters from Geauga County to Richmond, Virginia.

The parties to this action were divorced by decree of the Common Pleas Court of Geauga County on September 28, 1957. The plaintiff was awarded custody of the two daughters with the right of visitation to the defendant father; the decree further restricted either party from removing the children permanently beyond a radius of seventy-five miles from the center of Burton without the consent of the other party or of the court.

The parties prior to the divorce decree had entered into a written agreement disposing of their property rights, support of children, custody and visitation rights, subject to the approval of the court. The court made reference to this agreement in its decree.

The plaintiff mother had the children in her home until May 15, 1959, a period of over a year and a half. During that period of time the defendant father defaulted in meeting the court's order for the children's support.

On May 15, 1959, because of financial difficulties the plaintiff delivered the two children to the defendant father and left them at the defendant's home, where they have been ever since. In the meantime plaintiff has obtained a lucrative position in Richmond, Virginia, and now seeks a modification of the original decree to the extent of permitting her to remove the children to Virginia.

After a full hearing of testimony of numerous witnesses and study of exhibits the court modified the decretal provision for the custody of the two little girls and granted the mother

the right to remove the children to Virginia and reduced the support payments from $15.00 per week to $10.00 per week per child, retaining reasonable visitation rights to the defendant father.

It is from this order that this appeal is before us on questions of law.

It should also be noted that the father by motion seeks a modification in that he now be awarded the custody of the children.

Both motions resolved themselves to the one question: that is, whether the order of the court modifying the custody and granting the mother the right to take the children beyond the seventy-five mile radius from Burton as previously agreed between the parties and as decreed by the court, is contrary to law.

A reviewing court must assume that the trial court acted in accordance with law in modifying a custody order unless the record shows the contrary.

In this modification order did the court properly exercise its broad discretionary power in permitting the mother to remove the children to a foreign state? The instant order must be affirmed unless it clearly appears that the court granting the same abused its discretion in so doing.

The Supreme Court defines "abuse of discretion" in the case of *Klever* v. *Reid Bros. Express, Inc.*, 154 Ohio St., 491, as follows:—

"The term, 'abuse of discretion,' as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion."

We fail to find any abuse of discretion on the part of the court in modifying its former order. We see no basis for upsetting the order permitting the mother to remove the children to Virginia. The order embraced the following six words: "Defendant retaining his reasonable visitation rights."

We must bear in mind that the defendant is under order to pay $20.00 a week for the support of the two children, who will be living in Virginia, so that his reasonable visitation rights are for all practicable purposes meaningless.

The order of visitation rights should have spelled out a definite right that would and could be enjoyed by the defendant. The instant order should be modified to require the plaintiff at her own expense to deliver the children to the father at his home in Burton, Ohio, on or about July first of each year, the children to remain with him for a period of six weeks, and then by him at his own expense to be returned to their mother in Virginia; and further that during the period while the children are with the father the support order will abate.

The judgment and order of the trial court is affirmed in all respects except as to the visitation rights. The cause is remanded for the purpose of modifying the order consistent with this opinion. Affirmed in part, reversed in part, modified and remanded with directions.

DONAHUE and HUNSICKER, JJ., concur.