The STATE ex rel. CODY et al. Appellees,

v.

BRADLEY, Appellant.

[Cite as *State ex rel. Cody v. Bradley* (1997), 123 Ohio App.3d 397.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16331.

Decided Sept. 30, 1997.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Julie A. Bruns,* Assistant Prosecuting Attorney, for appellees.

*William R. Coen,* for appellant.

---

GRADY, Judge.

Defendant, George Kellog Bradley, Jr., appeals from an order of the juvenile court that dismissed an action that was brought pursuant to R.C. Chapter 3111 to determine Bradley's alleged paternity of a minor child. The action was dismissed without prejudice, because the complainant, Sherry Lynn Cody, the mother of the minor child, failed to appear for trial. Defendant Bradley argues on appeal that the trial court erred when it failed to dismiss the action *with* prejudice.

Actions in the juvenile courts to determine a parent-child relationship are made subject to the Rules of Civil Procedure by Juv.R. 1(C)(4). The juvenile court was authorized by Civ.R. 41(B)(1) to dismiss the action for failure to prosecute when the complainant failed to appear.

"The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. *Lopez v. Aransas County Independent School Dist.* (C.A.5, 1978), 570 F.2d 541, 544. Therefore, the trial court's dismissal with prejudice will not be reversed unless it constitutes an abuse of discretion. "* * *

" 'The term "abuse of discretion," as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion.' " *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125,

126–127, 437 N.E.2d 1199, 1201, quoting *Klever v. Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E.2d 781, paragraph two of the syllabus.

Although counsel representing Sherry Lynn Cody was served with notice of the trial hearing pursuant to Civ.R. 5(B), counsel represented to the magistrate before whom the hearing was scheduled that Cody may not have been notified of the need of her appearance. Counsel requested a continuance. The magistrate denied the request, finding that the failure to appeal was "without just cause or excuse." The magistrate ordered the action dismissed, without prejudice. Over defendant Bradley's objection, the trial court adopted that order.

Civ.R. 41(B)(1) reposes broad discretion in the trial courts to dismiss an action with prejudice or without prejudice for failure to prosecute. An action should not be dismissed for that reason with prejudice if viable and existing claims for relief will be foreclosed thereby.

The claims involved here included the right of the Child Support Enforcement Agency to reimbursement of monies expended for child support. It would probably have been an abuse of discretion had the action been dismissed with prejudice, foreclosing a judgment against the alleged father of the child with respect to that claim. A dismissal without prejudice permits the action to be refiled, while relieving the juvenile court of the need to maintain an aging case on its docket while the complainant decides whether to cooperate.

No abuse of discretion is demonstrated. The assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

FREDERICK N. YOUNG, P.J., and WOLFF, J., concur.