DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Pike County Court of Common Pleas in an action arising out of a contract for the construction of a new home. The trial court dismissed Plaintiff-Appellant Dewey L. Tackett Builders' complaint as a sanction for failure to comply with a discovery order. Appellant argues that the trial court erred in dismissing the complaint without providing adequate notice of the impending dismissal to appellant's counsel. We agree because the record reflects that appellant was not afforded a reasonable opportunity to defend against dismissal of his complaint.
The trial court also found in favor of Defendants-Appellees Lorenzo and Lynda Casey on their counterclaim for negligence and violation of the Ohio Consumer Sales Practices Act. Appellant argues that the trial court's judgment on appellees' counterclaim is against the manifest weight of the evidence. We disagree because appellant failed to provide a complete trial transcript as part of the appellate record.
Accordingly, we reverse the trial court's judgment in part, affirm it in part, and remand the case for further proceedings.
 STATEMENT OF THE CASE
In 1994, appellees contracted with appellant for the construction of a new house in Pike County, Ohio. The contract required appellant to provide the materials and to build the house. Appellees were to make periodic payments through their mortgage company. The payments were to be made in five "draws" at various stages of the construction, and one final draw upon completion of the house. Appellees' mortgage company was to inspect appellant's work before issuing each draw.
Appellant began construction of the house in January 1995. It appears that construction proceeded smoothly at first. The parties agreed to various modifications to the original contract, and the first four draws were paid in full. Eventually, however, appellees became dissatisfied with appellant's work. The fifth draw was not paid in full, and the final draw was not paid at all.
On June 12, 1996, appellant filed a complaint in the Pike County Court of Common Pleas alleging that appellees had breached the contract between the parties. Appellant claimed that appellees had failed to pay $14,600 of the original contract price. He also claimed that appellees had failed to pay for a number of modifications to the original contract that increased the cost of construction by $18,500.
Appellees filed their own complaint against appellant in the Pike County Court of Common Pleas. On July 10, 1996, appellees filed a motion to consolidate the cases, which the trial court granted. Appellees filed their answer to appellant's complaint, as well as a counterclaim for breach of contract, breach of warranty, violation of the Ohio Consumer Sales Practices Act, negligence, fraud, and misrepresentation.
The case was scheduled for trial on March 3, 1997, and the parties proceeded with discovery. The trial date was subsequently rescheduled four times, to May 5, 1997, July 7, 1997, September 8, 1997, and November 24, 1997. The July 7, 1997 trial date was rescheduled by agreement of the parties. The reasons for the other delays do not appear in the record.
We note appellees' contention that appellant caused the first delay of the trial date when he voluntarily dismissed his complaint on February 5, 1997, and refiled it seven days later. It is not clear from the record why appellant's dismissal should have delayed trial on appellees' counterclaim. Indeed, the fact that, on February 5, 1997, Judge Cassandra Bolt replaced Judge Gordon Bevens, who had been sitting by assignment, is an equally plausible explanation for this initial delay.
On October 24, 1997, appellees filed a motion to compel appellant to respond to their demand for discovery. Appellees alleged that they had served a set of discovery requests on appellant on September 9, 1997. Appellant did not respond to the discovery request, even though his answers were due on October 10, 1997. Appellees sought to compel appellant to respond before the scheduled trial date of November 24, 1997. The trial court granted appellees' motion to compel the same day that it was filed. Appellant claims that neither he nor his attorney received a copy of the trial court's discovery order.
Appellant did not respond to appellees' discovery request, and on November 24, 1997, appellees filed a motion for sanctions. Appellees noted that the trial court's discovery order did not provide a date by which appellant was to comply with the order. Appellees requested that the trial court dismiss appellant's complaint and award them reasonable attorney fees incurred in pursing the motion to compel and the motion for sanctions.
On December 2, 1997, the trial court granted appellees' motion for sanctions. The court dismissed appellant's complaint with prejudice and awarded appellees reasonable attorney fees. The court directed appellees' counsel to file an affidavit regarding counsel's fee for preparing the motion to compel and the motion for sanctions. Appellant claims that he was not served with a copy of the order granting appellees' motion for sanctions.
The trial court held a bench trial on appellees' counterclaim on January 12, 1999. On June 23, 1999, the court filed a judgment entry finding in favor of appellees on their claims for negligence and violations of the Ohio Consumer Sales Practices Act. The court awarded appellees a total of $75,786.95 in damages.
On July 23, 1999, appellant filed his notice of appeal. He presents four assignments of error for our review.
ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE WITHOUT FIRST GIVING PLAINTIFF OR PLAINTIFF'S COUNSEL NOTICE.
 ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS A SANCTION FOR FAILURE TO PROVIDE DISCOVERY WHEN THE COURT DID NOT SPECIFY A DATE BY WHICH PLAINTIFF WAS TO PROVIDE SUCH DISCOVERY.
 ASSIGNMENT OF ERROR NO. III:
 THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AS A SANCTION FOR FAILURE TO PROVIDE DISCOVERY WHEN THE COURT DID NOT SERVE UPON PLAINTIFF OR PLAINTIFF'S COUNSEL THE ORDER GRANTING DEFENDANT'S [SIC] MOTION TO COMPEL DISCOVERY.
 ASSIGNMENT OF ERROR NO. IV:
 THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF DEFENDANTS ON CLAIMS OF NEGLIGENCE AND ON VIOLATIONS OF OHIO'S CONSUMER SALES PRACTICES ACT IN THAT SUCH JUDGMENT WAS CONTRARY TO THE GREATER WEIGHT OF THE EVIDENCE.
 OPINION I.
In his First Assignment of Error, appellant argues that the trial court erred by failing to provide him with sufficient notice that dismissal of his complaint was a possibility. Appellant contends that he was not served with the trial court's order granting appellees' motion to compel, and that the trial court failed to specifically notify appellant that it was considering dismissing his complaint with prejudice. Nor did the trial court impose a less severe sanction before resorting to dismissal of the complaint. Appellant argues that the lack of notice deprived him of an opportunity to defend against the dismissal.
A trial court may dismiss all or part of an action as a sanction for a party's failure to comply with the court's discovery orders. See Civ.R. 37(B)(2)(c). The dismissal of a case as a sanction for failure to comply with a discovery order is within the sound discretion of the trial court. See Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,47, 684 N.E.2d 319, 321. We will not reverse the trial court's decision unless we find that the court abused its discretion. Id. An abuse of discretion is "`more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court.'" Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199,1201, quoting Klever v. Reid Bros. Express, Inc. (1951), 154 Ohio St. 491,96 N.E.2d 781, paragraph two of the syllabus.
Although the trial court has broad discretion to dismiss a case under Civ.R. 37(B)(2)(c), that discretion must be tempered by the basic tenet that "disposition of cases on their merits is favored in the law." Jonesv. Hartranft (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530, 534. To encourage decisions on the merits, Civ.R. 41 requires the trial court to provide notice to the plaintiff's counsel before it dismisses a case with prejudice. See Civ.R. 41(B)(1). The notice requirement "applies to all
dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis sic.)Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101,488 N.E.2d 881, 883.
There is a two-part standard for satisfying the notice requirement of Civ.R. 41(B)(1). First, plaintiff's counsel must be "informed that dismissal is a possibility." Quonset Hut, supra, at syllabus. Second, the plaintiff must have a "reasonable opportunity to defend against dismissal." Id.
Appellant argues that he was not informed of the possibility of dismissal because the trial court never specifically notified his counsel that dismissal was a possibility. However, appellant was served with appellees' motion for sanctions, which requested that the trial court dismiss appellant's complaint. In Quonset Hut, the defendant's motion requesting dismissal was deemed sufficient to put plaintiff's counsel "on notice that the action could be dismissed." Quonset Hut,80 Ohio St.3d at 48, 684 N.E.2d at 322. Pursuant to Quonset Hut, we find that appellant's counsel had notice that dismissal was a possibility.
Appellant also argues that he did not have a reasonable opportunity to defend against dismissal. The trial court dismissed appellant's complaint without first imposing a less severe sanction against him. Appellant notes that the trial court in Quonset Hut cited the plaintiff for contempt before resorting to dismissal. Appellant argues that imposition of a less severe sanction would have given him the opportunity to establish that he had not been served with the trial court's discovery order.
We agree with appellant that the trial court erred in dismissing his complaint. Appellant's responses to the discovery request were only two weeks overdue when appellees filed their motion to compel. Appellees asserted that they urgently needed the responses because the trial date was imminent. However, appellees were at least partly responsible for this time constraint because they served the discovery request so late in the game and so close to the trial date.
It also appears that appellees made little effort to resolve the discovery problems without the aid of the court. Civ.R. 37 requires the party seeking discovery to "make a reasonable effort to resolve the matter through discussion with the [opposing party]" before filing a motion to compel. Civ.R. 37(E). Appellees' motion to compel asserted that a telephone call had been placed to appellant's counsel. However, the motion does not describe either the substance of this telephone call or even when it was placed.
In addition, it appears that the trial court failed to advise appellant of the date by which he was to provide discovery. The trial court's order required appellant to "respond meaningfully to [appellees'] discovery requests on or before ___, 1997." In the copy of the discovery order that was filed by the trial court, the date "10/31" is written into the blank in ink. However, appellees asserted in their motion for sanctions that the trial court did not provide a date for appellant to comply with the discovery order. In fact, the copy of the order attached to appellees' motion for sanctions does not have the blank filled in with this date. Thus, it appears that the copies of the discovery order that were sent to the parties failed to specify a date by which appellant was to comply with the court's discovery order.
Finally, the trial court granted the motion to compel on the same day that it was filed, leaving appellant with no opportunity to respond to the motion. The court also dismissed appellant's complaint eight days after the motion for sanctions was filed, again providing appellant very little time to file a response. The court's actions deprived appellant of a reasonable opportunity to defend against dismissal of his complaint. Under such circumstances, the appropriate action would have been to impose a lesser sanction before resorting to dismissal. As a result, we find that the trial court acted unreasonably in dismissing appellant's complaint.
Accordingly, appellant's First Assignment of Error is SUSTAINED.
 II.
Our resolution of appellant's First Assignment of Error renders the Second and Third Assignments of Error moot. Pursuant to App.R. 12(A)(1)(c), we need not address an assignment of error that is rendered moot by the ruling on another assignment of error. Accordingly, appellant's Second and Third Assignments of Error are OVERRULED.
 III.
In his Fourth Assignment of Error, appellant argues that the trial court's judgment on appellees' counterclaim is against the manifest weight of the evidence. The trial court found in favor of appellees on their claims for negligence and violations of the Ohio Consumer Sales Practices Act. Appellant argues that the evidence shows that he constructed the home in a workmanlike manner and that any defects were trivial.
We note that the record does not contain a transcript of the bench trial on appellees' counterclaim. Appellant bears the burden of including in the appellate record those portions of the trial court proceedings that support his assignments of error. See App.R. 9(B). "When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617,621.
When reviewing a challenge to the manifest weight of the evidence, it is our duty to consider all of the evidence presented in the trial court. See State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. This standard necessarily requires us to review the entire trial transcript. Without a complete transcript, we have nothing upon which to rule, and we have "no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. Appellant did not provide us with a complete trial transcript, and we, therefore, have no alternative but to find that the trial court's judgment is valid and not against the manifest weight of the evidence. Accordingly, appellant's Fourth Assignment of Error is OVERRULED.
Appellant's First Assignment of Error is SUSTAINED. Appellant's Second, Third, and Fourth Assignments of Error are OVERRULED. The judgment of the Pike County Court of Common Pleas is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion. It is further ordered that the costs of this appeal be equally divided between Appellant and Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J. Concurs in Judgment and Opinion.
Abele, P.J. Concurs in Judgment Only.