This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Syed Ali, M.D., and Akron Radiology, Incorporated, appeal the trial court's grant of a new trial pursuant to Civ.R. 59(A) and aver that the trial court abused its discretion regarding the admission of certain evidence. We affirm.
 I.
Mr. Vernon Nance developed the early stages of emphysema many years prior to the course of events that lead to this action. In the early 1990s, he had numerous chest x-rays and other diagnostic scans. These were performed by, among others, Akron Radiology, Incorporated, which employed Dr. Ali. Dr. Ali was one of the stockholders of Akron Radiology. Akron Radiology was under contract with several Akron area hospitals to perform diagnostic services such as computerized axial tomography ("CAT scan"). Mr. Nance was duly referred to Akron Radiology, which performed a CAT scan in 1994; Dr. Ali read the CAT scan. The scan apparently evidenced a mass in Mr. Nance's left lung; however, this growth was not diagnosed, nor was a biopsy taken until 1995. In 1995, the mass was noted and biopsies were taken. It was found to be malignant. Mr. Nance underwent surgery to remove the mass, but the cancer metastasized to his brain. Mr. Nance died on October 13, 1997.
On February 16, 1999, Ruby J. Nance, individually and as the executrix of the estate of Mr. Nance, appellee, refiled a complaint, which she had previously voluntarily dismissed, alleging professional malpractice on the part of, among others, Akron Radiology and Dr. Ali. In due course, all of the parties were dismissed, except for Akron Radiology and Dr. Ali.
A trial was held, commencing on January 7, 2000. During trial, appellants sought to read the deposition of Arthur T. Skarin, M.D., to the jury. The trial court excluded that evidence. The jury returned a verdict in favor of appellants on January 14, 2000, which was duly journalized on January 19, 2000. The trial court entered judgment on the verdict on February 7, 2000, in favor of Dr. Ali and Akron Radiology. On February 17, 2000, Mrs. Nance filed a motion for a new trial citing the jury's apparent confusion regarding whether appellants must have been "the" proximate cause or "a" proximate cause of Mr. Nance's untimely death due to ambiguities in the jury instructions. Appellants responded in opposition on March 10, 2000, and Mrs. Nance filed a reply brief on the same day. The trial court, in a lengthy opinion, granted Mrs. Nance's motion for a new trial on May 8, 2000. This appeal followed.
 II.
Akron Radiology and Dr. Ali assert two assignments of error. We will address each in turn.
 A. First Assignment of Error The trial court erred when it granted Plaintiffs' Motion for New Trial.
 Akron Radiology and Dr. Ali aver that the trial court erred in concluding that its instruction was incorrect as a matter of law, and therefore, erred in granting Mrs. Nance's motion for a new trial. Further, as the trial court also based its order on its discretionary power to order a new trial under Civ.R. 59(A), appellants assert that the trial court abused its discretion by granting Mrs. Nance's motion for a new trial. We disagree.
Our standard or review was set forth by the Ohio Supreme Court in Rohdev. Farmer (1970), 23 Ohio St.2d 82, paragraphs one and two of the syllabus, and is controlled by whether the trial court's grant of a new trial was based upon its sound discretion or a question of law:
 1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.
 2. Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law.
 "The meaning of the term `abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." Steiner v. Custer (1940), 137 Ohio St. 448, paragraph two of the syllabus.
Civ.R. 59(A) provides, in pertinent part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
 The trial court based its decision to grant a new trial on "the instructions [to the jury] as a whole fail[ing] to fairly and accurately state the law to be applied in this case," and "in the exercise of sound discretion," concluded that even if the jury instructions were legally correct, they may have mislead the jury and placed undue emphasis on the issue of whether Dr. Ali was the sole proximate cause. The former is a question of law, State v. Lessin (1993), 67 Ohio St.3d 487, 494; the latter is based on the trial court's sound discretion, Civ.R. 59(A).
In reviewing jury instructions on appeal, this court has previously stated that
 an appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been mislead. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party.
 (Citations omitted.) Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410. However, this cause presents on the grant of a motion for a new trial, which is based on the trial court's discretion as well as an error of law.
The trial court instructed the jury that "[i]f you find that the Defendant was negligent, then you will proceed to decide * * * whether such negligence was the proximate cause of the death of Vernon Nance[.]" (Emphasis added.) However, the trial court also instructed that "[t]here may be more than one proximate cause" and that "[w]hen the negligent act or failure to act of one party combines with the negligence of another to produce injury, the negligence of each is a cause." In response to a question from the jury, the trial court again stated that "[t]he issue before you is to decide whether or not Dr. Ali was negligent, whether or not his negligence was the proximate cause in this particular matter[.]" (Emphasis added.)
1 Ohio Jury Instructions (2000), Section 11.10, at 171, provides a model instruction concerning proximate cause stating: "A party who seeks to recover for (injury) (damage) must prove not only that the other party was negligent, but also that such negligence was a (proximate) (direct) cause of (injury) (damage)." (Emphasis added.) See State v. Theuring
(1988), 46 Ohio App.3d 152, 154 ("The second requested jury instruction also incorrectly states the law. The gist of the instruction is that if the jury finds that the driver of the car [who was not the defendant] was `the proximate cause' of the passenger's death, then the jury must find [the defendant] not guilty. The deficiency is that there can be more than one proximate cause of a particular injury.") Further, "[i]t is a well-established principle of tort law that an injury may have more than one proximate cause." Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 587.
Had the jury instruction been presented as error on appeal, this court doubts that, upon reviewing the instructions as a whole, reversible error would have been found. However, this cause presents on the trial court's grant of a motion for a new trial, based not only on an error of law, but also upon the trial court's sound discretion. This court has previously held:
 In the present case the court properly instructed the jury as to the test for testamentary capacity as set forth in Niemes. While we find no fault in these instructions, we agree that the trial court could, within its sound discretion, find that the jury, under the facts of this case, became confused as to those persons with "natural claims" to Irene's bounty. This confusion is sufficiently demonstrated by the jury's request for additional instructions and from our review of the evidence.
 Bland v. Graves (1993), 85 Ohio App.3d 644, 655. In fact, the abuse of discretion standard in regard to a motion for a new trial has "been applied even to uphold the right of a trial judge to grant a new trial for reasons which would constitute an `error of law.'" Rohde, 23 Ohio St.2d at 89, citing Klever v. Reid Bros. Express, Inc. (1951), 154 Ohio St. 491, 495
("[The trial court] reached the conclusion, as expressed in his memorandum, that `that part of the charge, to the effect that the defendant's failure to comply with the P.U.C.O. safety regulations as to lights and reflectors, would constitute negligence,' was prejudicially erroneous * * *. Assuming, for the purposes of this discussion, that the trial judge was wrong in his conclusion, it would seem plain that he was chargeable with no more than an error of law or of judgment."). Further, we are compelled to "rely upon the sound discretion of our trial judges. * * * [A] trial court must be allowed to consider all of the pertinent circumstances in arriving at a decision." Koch v. Rist (2000), 89 Ohio St.3d 250, 252.
In the cause sub judice, the trial court found that its use of the word "the" in regard to proximate cause in its initial instruction to the jury as well as in the court's answer to one of the jury's questions placed undue emphasis on that term and may have caused the jury to be mislead and confused. Further, the trial court concluded that the jury's question regarding whether other parties, whose combined action had proximately caused Mr. Nance's injury, must be named in the suit evidenced confusion regarding whether appellants had to be "a" or "the" proximate cause. This being compounded, in the trial court's view, by its use of "the proximate cause" in its response to that jury question. Accordingly, based on our review of the record and the jury's queries, we cannot find that the trial court abused its discretion in granting Mrs. Nance's motion for a new trial.[1] Akron Radiology and Dr. Ali's first assignment of error is overruled.
 B. Second Assignment of Error The trial court erred when it excluded Defendants/Appellants from reading the deposition of Arthur T. Skarin, M.D.
 Akron Radiology and Dr. Ali aver that the trial court abused its discretion in not allowing appellants to read the deposition of Dr. Skarin to the jury at trial. We find this argument to be moot.
In resolving appellants' first assignment of error, we affirmed the trial court's order granting a new trial in which the admissibility of the deposition may or may not be at issue and may be resolved upon different arguments or supplemental evidence. Accordingly, we conclude that appellants' second assignment of error is moot as it relates to the instant appeal because our disposition of this assignment of error would not change the outcome of this appeal, would be advisory in nature, and would not resolve a live controversy. See App.R. 12(A)(1)(c).
 III.
Appellants' first assignment of error is overruled, and appellants' second assignment of error is found to be moot. The order of the Summit County Court of Common Pleas granting a new trial is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J. CONCUR.
[1] Appellants assert that the error was waived because Mrs. Nance failed to properly object to the trial court's instructions. On review of the record, however, we find that timely objections were made. Further, appellants assert that Mrs. Nance invited the error by agreeing to the trial court's response to the jury's question. However, as the trial court correctly noted, Mrs. Nance did not agree to the reiteration of the proximate cause instruction regarding appellants having to be "the proximate cause" of the injury.