HAWKINS, APPELLEE, v. MARION CORRECTIONAL INSTITUTE, APPELLANT.

[Cite as Hawkins v. Marion Correctional Institute (1986),
28 Ohio St. 3d 4.]

(No. 86-85—Decided December 5, 1986.)

*Kirschner, Weinberg & Dempsey, Craig Becker* and *Daniel Smith,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *John E. Breen* and *Simon B. Karas,* for appellant.

*Per Curiam.* The propriety of the court of appeals' *sua sponte* dismissal of appellant's appeal is now before this court. We must also determine whether the court of appeals abused its discretion in overruling appellant's motion for reconsideration and the motion for leave of court to file its brief instanter.

In truth, this case should not now be before us. Even assuming *arguendo* that appellant filed its brief one day late, if the court of appeals had followed the fundamental tenet of judicial review in Ohio that courts should decide cases on the merits, it would have properly exercised its discretion and not dismissed appellant's appeal. See *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210]; *Ohio Furniture Co.* v. *Mindala* (1986), 22 Ohio St. 3d 99; *In re Estate of Reeck* (1986), 21 Ohio St. 3d 126; *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, 222; *Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124, 126 [16 O.O.3d 145]. "Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." *DeHart* v. *Aetna Life Ins. Co., supra,* at 193. Emphasis on having cases decided on their merits is pervasive throughout modern legal practice and was the policy underlying the modernization of the Civil Rules. *AMCA Internatl. Corp.* v. *Carlton* (1984), 10 Ohio St. 3d 88. Fur-

thermore, "[f]airness and justice are best served when a court disposes of a case on the merits." *DeHart* v. *Aetna Life Ins. Co., supra,* at 193.

App. R. 18(C) provides that "[i]f an appellant fails to file his brief within the time provided by this rule, or within the time as extended, the court *may* dismiss the appeal. * * *" (Emphasis added.) This sanction is not automatic and its imposition is clearly within the court's discretion. *State* v. *Herzing* (1985), 18 Ohio St. 3d 337, 339.

"Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123 [53 O.O.2d 320], paragraph two of the syllabus; *DeHart* v. *Aetna Life Ins. Co., supra,* at 192; *In re Wonderly* (1981), 67 Ohio St. 2d 178, 187 [21 O.O.3d 111]. "Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *DeHart* v. *Aetna Life Ins. Co., supra,* at 192.

In *DeHart* v. *Aetna Life Ins. Co., supra,* a factually similar case, we held that:

"A court of appeals abuses its discretion when, after dismissing a case, *sua sponte,* for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits."

In applying these factors to this case, we find that appellant believed its brief was timely filed, and its mistake, if any, was in good faith. Neither the opposing party nor the court was prejudiced since appellee's briefing time did not commence until appellant's brief was filed and the court would not have considered the case until after all the briefs were filed. Dismissal was clearly disproportionate to any error appellant may have made since the date on which counsel filed the brief was based on his good faith reading of the rule and was not caused by lack of diligence or disregard for court proceeding. Obviously, appellant will be unfairly prejudiced if the dismissal is allowed to stand, and the alleged tardiness in filing would have had *no* effect on the substantive issues or the course of the appeal. Therefore, we find that the court of appeals abused its discretion in dismissing appellant's appeal.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., concurs in judgment only.