A. G. & G. COMPANY, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

(No. 54424 — Decided May 2, 1988.)

*Thomas N. Gartman,* for appellant.

*John T. Corrigan,* prosecuting attorney, for appellee Cuyahoga County Board of Revision.

*Timothy J. McCormack,* pro se.

*Christopher Boyko* and *Stephen P. Bond,* for appellee Parma City School District.

*Per Curiam.* Appellant A. G. & G. Company appeals from an order of the common pleas court that dismissed appellant's administrative appeal because appellant had not filed its assignment of error and brief within the time prescribed by Loc. R. 28 of the Court of Common Pleas of Cuyahoga County, General Division. We reverse.

Where an appeal from an administrative agency is taken to the common pleas court, Loc. R. 28(A) provides that the appellant shall file his assignments of error and brief within twenty days after a complete transcript of the administrative proceedings has been filed with the clerk of the common pleas court. In *Goehringer* v. *Cuyahoga Cty. Welfare Dept.* (Nov. 17, 1983), Cuyahoga App. No. 46700, unreported, this court reversed an order of the common pleas court that dismissed an administrative appeal when the appellant failed to file his assignments of error and brief within the time prescribed in Loc. R. 28(A). "A court abuses its discretion when it imposes the extreme and drastic sanction of dismissal in the absence of irresponsible, contumacious, dilatory or grossly negligent conduct * * *." *Id.* at 2. Thus, where a range of sanctions is available, "* * * the most drastic must be reserved for flagrant situations." *Id.* " 'Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.' " *Hawkins* v. *Marion Correctional Institute* (1986), 28 Ohio St. 3d 4, 5, 28 OBR 3, 4, 501 N.E. 2d 1195, 1196, quoting *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 193, 23 O.O. 3d 210, 213, 431 N.E. 2d 644, 647.

In the instant case, the transcript of the administrative proceedings was filed with the court on November 25, 1986. When appellant did not timely file its assignment of error and brief, the appellee Parma School Board moved to dismiss the appeal on July 16, 1987. Six days later, on July 22, 1987, appellant filed a reply to the motion to dismiss and simultaneously filed its assignments of error and brief. Nevertheless, on August 7, 1987, the common pleas court dismissed the appeal for appellant's failure to comply with Loc. R. 28.

While it is undisputed that ap-

pellant did not comply with the filing requirements of Loc. R. 28(A), we think that the drastic sanction of dismissal of the appeal was disproportionately harsh. Once appellant learned that it had not complied with the rule, appellant's assignments of error and brief were filed within six days. In this case, as in *Hawkins* v. *Marion Correctional Institute, supra,* neither the court nor the appellees were prejudiced since the appellees' briefing time did not commence until appellant's brief was filed, and the court would not have considered the appeal until all the briefs were filed. Moreover, nothing in the record indicates that appellant's untimely assignments of error and brief would have any effect on the substantive issues asserted in the appeal. In contrast, appellant would be prejudiced because of the harsh sanction of dismissal.

Under these circumstances, the common pleas court abused its discretion in dismissing the appeal for appellant's noncompliance with Loc. R. 28(A). Accordingly, the judgment is reversed and the cause will be remanded for further proceedings.

*Judgment reversed
and cause remanded.*

NAHRA, P.J., and MATIA, J., concur.

J. V. CORRIGAN, J., dissents.