JOURNAL ENTRY and OPINION
Plaintiff-appellant herein, Mary Briggs, appeals from several orders of the trial court which disposed of her multiple claims against several defendants for insufficiency of service and for willful failure to comply with the trial court's discovery orders. For the reasons adduced below, we affirm the ruling of the trial court.
The appellant in this case filed the within lawsuit on August 10, 1998. The named defendants in the lawsuit were Glenbeigh Health Services, Samuel L. Richardson, Elizabeth Berrey, Ann Donkin and other unnamed John Doe employees. The case had previously been voluntarily dismissed without prejudice pursuant to Civ.R. 41(A)(1). The complaint purported to include causes of action for defamation, invasion of privacy and abuse of process.
The causes of action stated in the complaint all arose out of an incident in January of 1996 where the appellant's family and friends arranged an intervention in an attempt to help the appellant manage her alleged substance abuse problem. The appellant, apparently recognizing that she had some sort of substance abuse problem, agreed to attend the intervention. The intervention was held on the premises of appellee Glenbeigh Health Services and was led by appellee Richardson who was an employee at the center.
The initial complaint was sketchy as to the details of the allegedly tortious behavior of the various defendants for which the appellant sought to be compensated. For example the complaint stated that on and after January 27, 1996 Defendants published false and defamatory articles concerning the Plaintiff and (sic) which were intended to injure the Plaintiff's reputation personally and in her business * * * and that Defendant maliciously and without probable cause charged Plaintiff with the crime of domestic violence and produced and caused there to be issued a warrant for the arrest of the Plaintiff. The complaint also included a malpractice claim stating that Defendants failed to provide Plaintiff that degree of care, skill and service ordinarily practiced by and expected of reasonably careful and prudent doctors. On June 1, 1999, the trial court granted the appellant leave to file an amended complaint. The amended complaint, while somewhat more specific in its allegations, contained essentially the same claims and named the identical defendants as did the initial complaint.
The docket in this case indicates that on September 15, 1998 there was a failure of service as to defendant Elizabeth Berrey, as the complaint sent via certified mail was unclaimed. Civ.R. 4.6(D) permits service by ordinary mail when a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed. The appellant did not choose to immediately avail herself of this alternative method of perfecting service.
On October 22, 1998, the appellant's attorney filed a motion to withdraw. On November 6, 1998, the trial court conditionally granted the motion to withdraw as follows: Motion to withdraw, filed 10-22-98, will be granted upon notice of appearance of new counsel. Subsequently, on November 13, 1998, the court entered another journal entry admonishing the appellant to timely retain new counsel: Plaintiff to retain new counsel and counsel to file notice of appearance by 1-15-99 or court to dismiss case for want of prosecution. On January 22, 1999, the trial court extended until February 20, 1999 the deadline for appellant to retain new counsel. On April 22, 1999, subsequent to a pre-trial, the trial court entered another entry, this one stating attorney Michael Drain is to enter notice of appearance as plaintiff's counsel. On April 23, 1999, attorney Drain did, in fact, enter an appearance.
Thereafter, on May 3, 1999, the appellant filed a request for ordinary mail service on defendant-appellee Elizabeth Berrey. Pursuant to Civ.R. 4.6(D), service was deemed completed when the fact of the mailing was entered on the record. On June 2, 1999, appellee Berrey filed a motion to dismiss premised on the appellant's failure to complete service within six months of the commencement of the action or show good cause why service was not completed under Civ.R. 4(E). On June 15, 1999, the trial court granted Berrey's motion to dismiss. The entry granting the motion to dismiss was marked partial and did not contain Civ.R. 54(B) language making it a final and appealable order.
On July 27, 1999, the remaining defendants filed a motion to dismiss plaintiff's complaint which was based on the repeated failure of the appellant to comply with discovery requests, including her refusal to execute medical release forms necessary for the appellee to obtain information pertaining to the appellant's alleged injuries. On September 1, 1999, the tria urt ellantlco denied the motion to dismiss, but in so doing ordered thappe including the medical release forms. In the order denying the motion to dismiss the trial court expressly stated that the court would entertain a second motion to dismiss if the appellant failed to provide the signed medical records release authorization forms by September 30, 1999. Thereafter, the appellant did provide the signed medical release forms to the appellees, but prior to the release of the necessary information she independently contacted the institutions which had custody of her records and informed them that she was revoking the releases and instructed that none of the records pertaining to her treatment or prognosis be released.
On November 4, 1999, appellees Glenbeigh and Richardson filed a Motion for Sanctions Including Dismissal requesting that the appellant's complaint be dismissed because of her willful non-compliance of (sic) this Court's order and the Ohio Rules of Civil Procedure.[1] On November 16, 1999, the trial court granted the November 4, 1999 motion for dismissal. The order granting the motion to dismiss was marked final. On June 6, 2000, on limited remand from this court, the trial court entered an order clarifying that the November 16, 1999 order of dismissal was intended to dismiss all parties as the court found for each and every party on their respective motions to dismiss * * *.
On November 15, 1999, the appellant attempted to re-file her complaint against appellee Elizabeth Berrey only. On January 26, 2000 the trial court, subsequent to a motion for dismissal, also dismissed this re-filed action on res judicata grounds.
The appellant filed separate appeals of the trial court's dismissal of her complaint and then re-filed her complaint against appellee Berrey only. The two appeals have been consolidated by this court for purposes of briefing, hearing and disposition.
The appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT FAILED TO GRANT PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE DEFENDANT-APPELLEE.
The appellant's motion to compel which is referenced in this assignment of error was filed on August 30, 1999. In the motion the appellant alleged that the defendants had failed to cooperate with her request for discovery, including failing to answer interrogatories, failing to respond to request for documents and failing to attend depositions which had been noticed by the appellant.
Civ.R. 37(A) imposes a duty upon a party seeking to compel production of discovery to first attempt to resolve the dispute informally with the opposing party prior to filing a motion to compel and further requires that such efforts be documented in the text of the motion:
 Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom the discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section.
According to the staff notes pertaining to Civ.R. 37, the purpose of the above requirement "is to endorse and enforce the view that, in general, discovery is self-regulating and should require court intervention only as a last resort." Our review of the record leads us to conclude that the appellant failed to comply with the dictates of Civ.R. 37(E) prior to filing her motion to compel. The motion itself is vague as to the alleged lack of cooperation of the appellees in complying with discovery requests and contains no recitation whatsoever of the efforts made to resolve the matter prior to seeking court intervention.
Accordingly, the appellant's first assignment of error is not well-taken.
The appellant's second and fourth assignments of error are interrelated and will be addressed concurrently in this opinion. The second and fourth assignments of error state:
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT WRONGFULLY DISMISSED A NECESSARY AND INDISPENSABLE PARTY.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT DISMISSED PLAINTIFF'S ENTIRE CASE AND GRANTED SANCTIONS IN FAVOR OF THE DEFENDANT-APPELLEES WITHOUT DUE PROCESS.
Initially, we note that we are compelled to agree with the appellant's assertions that the trial court abused its discretion in dismissing the appellant's claims against appellee Elizabeth Berrey for failure to timely perfect service. The trial court's dismissal order was dated June 15, 1999. Service had been perfected on Berrey on May 3, 1999, nearly six weeks prior to the date of the dismissal entry. In the entry of April 22, 1999, the trial court granted the appellant's new attorney leave to file a notice of appearance. The appellant's attorney filed a notice of appearance on the next day. Only eight days thereafter, the appellant's attorney directed that the clerk's office issue service via ordinary mail. Service by ordinary mail, attempted after a certified mail receipt is returned "unclaimed," is presumed complete when the certificate of mailing is entered in the record unless the envelope is returned marked "failure of delivery." Civ.R. 4.6(D). The docket in this case was so noted on May 3, 1999 and the envelope was never returned because of failure of delivery.
The determination of the sufficiency of service of process is within the sound discretion of the trial court. Bell v. Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193, 202, 624 N.E.2d 196. A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed, unless rebutted by sufficient evidence. Grant v. Ivy (1980), 69 Ohio App.2d 40,42, 429 N.E.2d 1188.
The trial court in this case never determined that service was not perfected on Berrey, nor was that allegation even raised in the motion to dismiss. Rather, the motion to dismiss contended that even though service had been perfected on Berrey, the complaint should nonetheless be dismissed as it applied to her because service had not been perfected in the six months following the commencement of the complaint. We do not believe that Civ.R. 4(E) is meant to be used as a vehicle to dismiss cases once service has been properly perfected, but rather is intended to apply to those situations where there is no service and where the plaintiff has been dilatory in attempting to obtain service on a defendant. Civ.R. 4(E) is directed to the less-than-diligent plaintiff who neglects to follow through in obtaining in-state service of process, see Editor's Note to Civ.R. 4(E), see, also, Harrell v. Guest (1986),33 Ohio App.3d 163, 164-165, 514 N.E.2d 1137, and is not to be applied where a plaintiff has been resolute in attempting to obtain service. Helf v. John Doe Employees, City of Cleveland (Dec. 11, 1997), Cuyahoga App. No. 72056, unreported, citing, Bentz v. Carter (1986), 55 Ohio App.3d 120,123, 562 N.E.2d 925. We express no opinion as to appellant's diligence in pursuing service as appellee Berrey has not herein contended that the time lapse between failure of the initial attempt at service via certified mail and the subsequent service by ordinary mail rendered service invalid.
Yet, although we find that the trial court abused its discretion in granting appellee Berrey's motion to dismiss based on failure to obtain service within six months of commencement of the action, we nonetheless conclude that the error was harmless as the ruling was interlocutory in nature and was superseded by the trial court's subsequent ruling dismissing all of the appellant's claims against all parties. Since the order was not final, it was interlocutory and was subject to revision by the trial court at any time prior to the termination of the litigation.
Civ.R. 54(B) provides:
 when more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any timebefore the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties. (Emphasis added.)
We now proceed to our analysis of the appellant's fourth assignment of error involving the propriety of the trial court's dismissal of the appellant's entire complaint as a discovery sanction. Because we find that the appellant's conduct in failing to comply with discovery requests and the orders of the trial court was egregious and constituted willful defiance of the authority of the court as well as the Rules of Civil Procedure, we conclude that the trial court did not abuse its discretion in dismissing the appellant's case.
Civ.R. 37(B)(2) provides in pertinent part:
 If any party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 (c) An order striking out pleadings or parts thereof * * * or dismissing the action or proceeding or any part thereof * * *.
Civ.R. 41(B)(1) states:
 Where the plaintiff fails to * * * comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim.
In Quonset Hut v. Ford Motor Co. (1997) 80 Ohio St.3d 46, 47-48,684 N.E.2d 319, the Supreme Court of Ohio summarized the standard to be utilized by appellate courts in reviewing dismissals for refusal to comply with a court order under Civ.R. 37(B)(2)(c) and/or Civ.R. 41(B)(1):
 The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530, 534; Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 1 Ohio B. Rep. 125, 126, 437 N.E.2d 1199, 1201. Our review of such a dismissal is limited to determining whether the trial court abused its discretion. Jones, 78 Ohio St.3d at 371, 678 N.E.2d at 534. Abuse of discretion "`connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court * * *.'" Pembaur, 1 Ohio St.3d at 91, 1 Ohio B. Rep. at 127, 437 N.E.2d at 1201, quoting Klever v. Reid Bros. Express, Inc. (1951), 154 Ohio St. 491, 43 Ohio Op. 429, 96 N.E.2d 781, paragraph two of the syllabus.
* * *
 Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that "disposition of cases on their merits is favored in the law." Jones, 78 Ohio St.3d at 371, 678 N.E.2d at 534. See, also, Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101, 22 Ohio B. Rep. 133, 135, 488 N.E.2d 881, 883; Hawkins v. Marion Correctional Inst. (1986), 28 Ohio St.3d 4, 5, 28 Ohio B. Rep. 3, 4, 501 N.E.2d 1195, 1195-1196. Indeed, this court has stated that "judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192, 23 Ohio Op. 3d 210, [* * *6] 212, 431 N.E.2d 644, 646. See, also, Jones, 78 Ohio St.3d at 372, 678 N.E.2d at 534. Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944, quoting Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 6 Ohio Op.3d 237, 239, 369 N.E.2d 800, 803. See DeHart, 69 Ohio St.2d at 193, 23 Ohio Op. 3d at 213, 431 N.E.2d at 647
(flagrant, substantial disregard for court rules can justify a dismissal on procedural grounds).
Thus, the primary issues before this court are whether the conduct of the appellant leading to the dismissal was so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal with prejudice for a failure to * * * obey a court order and whether the appellant was on notice of the potential that the action could be dismissed. Tokles Son, Inc., supra; Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365.
It is clear from the record in this case that the appellant received express and unambiguous notice that her case was subject to dismissal for continued obstructive conduct. The trial court's journal entry of September 1, 1999 stated, Plaintiff to present signed medical authorizations by 9/30/99 or court will entertain second motion to dismiss. The appellant was then given an opportunity to respond to the subsequent motion to dismiss filed by appellees Glenbeigh and Richardson prior to the time that the court ruled on the motion. [C]ounsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that the dismissal is a possibility and has had a reasonable opportunity to defend against the dismissal. Logsdon, supra, 72 Ohio St.3d at 129.
Finding that the appellant was properly noticed as to the potential dismissal of her cause of action, we now turn to the question of the severity of the appellant's misconduct. The appellant's actions in unilaterally revoking her medical releases after being ordered by the court under threat of dismissal to supply such authorizations, in addition to her repeated refusal to cooperate with other discovery requests during the pendency of this case, plainly constituted a flagrant and substantial disregard for the authority of the court. There was no possible justification for the appellant's conduct after the trial court had expressly ruled that the information sought by the appellees was discoverable and that the appellant was obligated to execute and deliver the appropriate release forms. Therefore, we find that the trial court did not abuse its discretion in dismissing the appellant's case with prejudice.
The appellant's third assignment of error states:
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT FAILED TO GRANT PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER.
This assignment of error has been rendered moot by our disposition of the second and fourth assignments of error.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ____________________________ MICHAEL J. CORRIGAN, JUDGE
DIANE KARPINSKI, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] For reasons not readily apparent to this court, the November 4, 1999 motion to dismiss was not officially joined by co-defendant Ann Donkin, as had been the earlier motion to dismiss. A review of the record indicates that the only parties to the November 4, 1999 motion were appellees Glenbeigh and Richardson, although the relief requested in the text of the motion was dismissal of the entire complaint, rather than dismissal as to the claims of appellees Glenbeigh and Richardson only.