OPINION.
{¶ 1} Appellant, Cheryl J. Maggard, appeals the February 28, 2002 judgment entry, in which the Lake County Court of Common Pleas dismissed her administrative appeal because she failed to timely file her brief.
 {¶ 2} On September 25, 2001, appellee, the Ohio Department of Commerce, Division of Real Estate and Professional Licensing, issued a final order finding that appellant violated eight counts of R.C.4735.18(A)(6), five counts of R.C. 4735.18(A)(11), and two counts of R.C. 4735.18(A)(31). As a result, appellant's real estate broker's license was suspended for forty-five days, she was fined $2,500, and she was required to complete ten hours of continuing education. On October 10, 2001, she filed a notice of appeal with the trial court pursuant to R.C. 119.12 and wanted to reverse the order of appellee because of the severe sanctions against her. On November 14, 2001, the transcript of the record of the proceedings was filed with the clerk of courts.[1]
Appellee filed a motion to dismiss the appeal on January 31, 2002. Appellant filed a motion for judgment as a matter of law and a motion in opposition to the motion to dismiss on February 8, 2002. On that same date, she moved to file instanter a brief in support of reversal and dismissal. Appellant claimed that she was not notified that the record had been filed until January 31, 2002, when her attorneys received appellee's motion to dismiss. On February 15, 2002, appellee filed a brief in opposition to appellant's motion for judgment as a matter of law. Attached to the motion was exhibit one, which was a letter dated November 7, 2001, from appellee to the trial court, in which appellee stated that it had enclosed the complete record from the case. However, nowhere in the record is there a time-stamped copy of the letter or any indication that the letter was also sent to appellant.
 {¶ 3} On February 28, 2002, the trial court denied appellant's motion for judgment as a matter of law and granted appellee's motion to dismiss since appellant failed to timely file a brief in compliance with the Lake County Court of Common Pleas Loc.R. III(E)(1)(b). Appellant filed the instant appeal and assigns the following as error:
 {¶ 4} "[1.] The lower court erred in determining that [a]ppellant's brief in support of reversal was not timely filed pursuant to a local rule that requires the brief to be filed within 30 days after the administrative record is filed, where neither the clerk of the lower court nor the [administrative agency] served notice upon [a]ppellant that the administrative record had been filed.
 {¶ 5} "[2.] The lower court erred and directly contravened [R.C.]119.12 in dismissing [a]ppellant's administrative appeal solely on the basis of a purportedly untimely brief.
 {¶ 6} "[3.] The lower court erred in granting [a]ppellee's [m]otion for [c]osts."
 {¶ 7} Preliminarily, we note that on March 11, 2002, appellant filed a motion for relief from judgment moving the court to vacate its February 28, 2002 entry. Attached to that motion was an affidavit by appellant's counsel, in which he avowed that he was never served with notice that appellee filed a record with the court below in November or December of 2001. He further stated that he only became aware that appellee filed the record of the proceedings with the trial court when he received a copy of the motion to dismiss.
 {¶ 8} Appellant's first two assignments of error are interrelated and will be addressed in a consolidated manner. Under the first assignment, appellant claims that the trial court erred when it decided that her brief in support of reversal was not timely filed pursuant to a local rule that requires the brief to be filed within thirty days after the administrative record is filed even though neither the clerk of the lower court nor the administrative agency served notice upon appellant that the administrative record had been filed. For her second assignment of error, appellant alleges that the trial court erred and contravened R.C. 119.12 by dismissing her administrative appeal solely on the basis of an untimely brief.
 {¶ 9} An appeal from a decision of a state administrative agency is governed by R.C. 119.12. The standard of review for the common pleas court is to determine if the agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with the law.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court's review of an administrative agency's action is limited to determining whether the court of common pleas abused its discretion. Id.
 {¶ 10} Loc.R. III(E)(1)(b) of the Lake County Court of Common Pleas states that:
 {¶ 11} "APPEALS TO THE COURT OF COMMON PLEAS
 {¶ 12} "1. PROCEDURE. Except as may be otherwise provided by specific rule or statute, all cases filed by way of appeal from administrative agencies, shall be heard solely upon the briefs and be governed by the same procedure, to wit:
 {¶ 13} "* * *
 {¶ 14} "(b) BRIEFS. Counsel for Appellant, within thirty (30) days after filing Notice of Appeal, or filing of the transcript of the record proceedings if required, whichever is later, shall file with the Clerk of Courts a Brief containing a statement of the facts and questions presented, conclusions upon said questions, and authorities supporting these conclusions. * * *"
 {¶ 15} R.C. 119.12 governs the procedure for filing notices of appeal from orders issued by administrative agencies and provides, in part, that "* * * [w]ithin thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01
to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. * * *"
 {¶ 16} Further, the Second Appellate District has stated that R.C. 119.12 does not provide for notice of the filing of the record to the appellant because an appellant must check the docket to find out when the transcript from the agency has been filed. Gammell v. Miami Univ.
(June 24, 1987), 2d Dist. No. CA 10320, 1987 WL 13626, at 2-3. We agree that there is no requirement under R.C. 119.12 that notice of the filing of the record be sent by the clerk or the administrative agency. It is our view that that obligation remains for the attorney to check the docket. Also, with the current electronic means, the burden of keeping track of docket activity in several cases has been substantially reduced.
 {¶ 17} The Supreme Court has stated that "* * * local appellate rules are needed in order to achieve the prompt and efficient dispatch of justice. This is a two-pronged objective — the local rules must encourage promptness and efficiency, on the one hand, and fairness and justice on the other. Fairness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way."DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192-193. However, under Sup.R. 5, local rules may not be inconsistent with any rule governing practice or procedure promulgated by the Supreme Court of Ohio. See Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 554.
 {¶ 18} Further, courts must be mindful of the admonition that cases should be decided on their merits when possible, instead of on procedural grounds. Fontanella v. Ambrosio, 11th Dist. No. 2001-T-0033,2002-Ohio-3144, ¶ 20, citing Marion Prod. Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265, 271. "Where an appeal from an administrative agency is taken to the common pleas court, [the local rule] provides that the appellant shall file his assignments of error and brief within twenty days after a complete transcript of the administrative proceedings has been filed with the clerk of the common pleas court. * * * Thus, where a range of sanctions is available, `* * * the most drastic must be reserved for flagrant situations.' * * * `"Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds."' * * *" A.G. G. Co. v. Cuyahoga Cty. Bd. of Revision (1988),47 Ohio App.3d 117, 117, citing Hawkins v. Marion Correctional Inst.
(1986), 28 Ohio St.3d 4, 5, quoting DeHart at 193.
 {¶ 19} Here, the record of the proceedings was filed with the court on November 8, 2001, although the clerk of courts did not docket it until November 14, 2001. However, when appellant did not timely file her assignment of error and brief, appellee moved to dismiss the appeal on January 31, 2002. Eight days later, on February 8, 2002, appellant filed a judgment as a matter of law and a brief in opposition to the motion to dismiss, and a motion to file instanter a brief in support of reversal and dismissal. Nevertheless, on February 28, 2002, the common pleas court dismissed the appeal for appellant's failure to comply with Loc.R. III(E)(1)(b). It appears from the record that appellant's counsel's mistake was inadvertent and was not part of a continuing course of conduct for the purpose of delay.
 {¶ 20} We further note that at no time did appellee serve appellant with the November 7, 2001 letter or any notice that it had filed the record of the proceedings with the trial court or that it had moved for the assessment of costs. In addition, it is our view that since there was no statutory basis for the November 7, 2001 letter to the trial court notifying the clerk that the record of the proceedings was being filed, this was an inappropriate ex parte communication and that practice should be ceased.
 {¶ 21} While we agree with appellee that appellant did not comply with the filing requirements of Loc.R. III(E)(1)(b), it is our view that the drastic sanction of dismissing the appeal was disproportionately harsh. Neither the trial court nor appellee was prejudiced since appellee's briefing time did not commence until appellant's brief was filed, and the court would not have otherwise considered the appeal until all the briefs were filed. Hence, any error that may have occurred from the delay in allowing appellant to file her brief was not prejudicial to appellee, nor a cause for inappropriate delay in the trial court's administration of its docket. Nothing in the record indicates that appellant's untimely assignments of error and brief would have any effect on the substantive issues asserted in the appeal. In contrast, appellant would be prejudiced because of the harsh sanction of dismissal.
 {¶ 22} Under these circumstances, the common pleas court abused its discretion in dismissing the appeal for appellant's noncompliance with Loc.R. III(E)(1)(b). Since appellant's counsel's error was a minor, technical, correctable, inadvertent oversight, we conclude that there is no conceivable justification for a disposition other than on the merits. Accordingly, appellant's first and second assignments of error are sustained.
 {¶ 23} Based on our determination of the first and second assignments of error, appellant's third assignment of error is moot.
 {¶ 24} For the foregoing reasons, appellant's first and second assignments of error are well-taken, and appellant's third assignment of error is rendered moot. The judgment of the Lake County Court of Common Pleas is reversed, and the cause will be remanded for further proceedings consistent with this opinion.
William M. O'Neill, J., and Cynthia Westcott Rice, J., concur.
[1] We note that the record of the proceedings was timely filed with the clerk of courts on November 8, 2001, but due to an error by the clerk of courts, the record was not docketed until November 14, 2001.