[Cite as *Traditions at Stygler Rd., Inc. v. Vargas-Smith*, 2015-Ohio-4684.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Traditions at Stygler Road, Inc., d/b/a/     :
National Church Residences Stygler Road,

        :

        Plaintiff-Appellee,

        :              No. 15AP-69

v.                                  (C.P.C. No. 14CV-4754)

        :

EyVonne Vargas-Smith et al.,                 (REGULAR CALENDAR)

        :

        Defendants-Appellants.

        :

---

D E C I S I O N

Rendered on November 12, 2015

---

*EyVonne Vargas-Smith*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, EyVonne Vargas-Smith, appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to plaintiff-appellee, Traditions at Stygler Road, Inc. ("Traditions"). For the following reasons, we affirm that judgment.

{¶ 2} Traditions operates a skilled nursing facility. Vargas-Smith's father, John Turner, resided at that facility for a period beginning November 9, 2013.

{¶ 3} On May 1, 2014, Traditions filed an action for breach of contract against Turner. In its complaint, Traditions alleged that Turner had signed an admissions agreement that required him to pay for the services and supplies that Traditions provided to him. According to Traditions, Turner had not paid as obligated under the agreement. Traditions thus sought judgment in the amount owed.

{¶ 4}   On July 23, 2014, Traditions amended its complaint to include claims against Vargas-Smith.  Traditions alleged that Vargas-Smith had withdrawn money from Turner's bank account, leaving Turner with no ability to pay his debts.  Traditions asserted claims for fraudulent transfer in violation of R.C. 1336.04 and tortious interference with contract.

{¶ 5}   In response to Traditions' complaint, Vargas-Smith filed a document entitled "Plaintiff's Complaint" and a motion to dismiss.  Vargas-Smith did not sign either document.[1]   In an entry dated November 17, 2014, the trial court ruled that Vargas-Smith's filings failed to comply with Civ.R. 11.  The trial court ordered Vargas-Smith to re-file each document with a signature and appropriate contact information by December 1, 2014.  Vargas-Smith did not do so.  Therefore, in an entry dated December 10, 2014, the trial court struck both of Vargas-Smith's filings from the record.

{¶ 6}   Meanwhile, Traditions moved for summary judgment on both of its claims against Vargas-Smith.  In its motion, Traditions explained that Vargas-Smith had failed to respond to Traditions' requests for admissions.  Therefore, Vargas-Smith had admitted that:  (1) she knew that Traditions had provided services and supplies to Turner with the expectation of payment within a reasonable time, (2) she knew that Turner had entered into the admissions agreement, (3) Traditions had provided services and supplies to Turner, (4) Vargas-Smith had received assets and/or property from Turner after or shortly before Turner entered Traditions, (5) Turner did not receive anything in exchange for the assets and/or property that Vargas-Smith had received from Turner, (6) Turner could not pay for the services and supplies that Traditions provided him because of Vargas-Smith's receipt of assets and/or property from Turner, and (7) Turner could not obtain Medicaid benefits because of Vargas-Smith's receipt of assets and/or property from Turner.  Traditions argued that Vargas-Smith's admissions provided the evidence needed to prove a fraudulent transfer and tortious interference with the admissions agreement.[2]

---

[1] In her appellate brief, Vargas-Smith maintains that these documents included her signature, but the trial court overlooked it.  Like the trial court, we could not find Vargas-Smith's signature on the documents.

[2] "When a party fails to timely respond to a request for admissions, 'the admissions [become] facts of record which the court must recognize.' " * * * An admission by default is a written admission that a court

{¶ 7}  In a judgment dated January 27, 2015, the trial court granted Traditions' motion for summary judgment.  The trial court entered judgment in the amount of $9,297, plus post-judgment interest, against Vargas-Smith.

{¶ 8}  Vargas-Smith now appeals the January 27, 2015 judgment.  She, however, does not assign any errors.

{¶ 9}  Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  An assignment of error must specify the alleged error on which an appellant relies to seek the reversal, vacation, or modification of an adverse judgment.  *State v. Brown*, 9th Dist. No. 25077, 2010-Ohio-4453, ¶ 9. Assignments of error are important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16."  App.R. 12(A)(1)(b).  Consequently, without assignments of error, an appellate court has nothing to review.  *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 13.

{¶ 10} Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error.  *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v. Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2.  Many times, however, appellate courts instead review the appealed judgment using the appellant's arguments in the interest of serving justice.  *Asamoah* at ¶ 6; *Tonti* at ¶ 2. Here, we will endeavor to address Vargas-Smith's arguments.

{¶ 11} This is an appeal from a ruling on summary judgment, so the question before this court is whether the trial court erred in granting Traditions summary judgment.  A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an

may consider, pursuant to Civ.R. 56(C), in its consideration of a motion for summary judgment." (Citations omitted.)  *McGreevy v. Bassler*, 10th Dist. No. 07AP-283, 2008-Ohio-328, ¶ 13.

independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 12} Vargas-Smith asserts two arguments that we construe as a challenge to the grant of summary judgment to Traditions. First, she contends that she did not sign a contract with Traditions. This is not a fact in conflict; the contract at issue is between Traditions and Turner, not Traditions and Vargas-Smith. Moreover, to recover on claims for fraudulent transfer and tortious interference with contract, Traditions did not need to prove that a contract between it and Vargas-Smith existed. *See* R.C. 1336.04(A)(2)(b) (setting forth the requirements for establishing the type of fraudulent transfer applicable here); *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171 (1999), paragraph one of the syllabus (setting forth the elements of a claim for tortious interference with contract). Broadly speaking, Traditions proved its claims by demonstrating that it and Turner had a contract under which Turner owed payment, but he could not make that payment because Vargas-Smith had appropriated his assets.

{¶ 13} Second, Vargas-Smith contends that Turner did not sign the admissions agreement. Vargas-Smith cannot support this contention with evidence, as she did not submit any evidence to the trial court in response to Traditions' summary judgment motion. Without any evidence, Vargas-Smith cannot establish that a genuine issue of material fact exists as to whether Turner executed a contract with Traditions. Civ.R. 56(E). The trial court, therefore, did not err in granting Traditions summary judgment on its claims.

{¶ 14} In sum, we reject both of Vargas-Smiths' arguments. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.