[Cite as *Middlebrook v. United Collection Bur., Inc.*, 2017-Ohio-8587.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LeAndra D. Middlebrook, | : | |
| Appellant-Appellant, | : | No. 17AP-280 |
| | | (C.P.C. No. 16CV-5802) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| United Collection Bureau, Inc., et al., | : | |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on November 16, 2017

**On brief:** *LeAndra D. Middlebrook*, pro se.  **Argued:** *LeAndra D. Middlebrook.*

**On brief:** *Michael DeWine*, Attorney General, and *Alan Schwepe*, for appellee Ohio Department of Job & Family Services. **Argued:** *Patria V. Hoskins.*

**On brief:** *Vorys, Sater, Seymour and Pease LLP,* and *Nelson D. Cary,* for appellee United Collection Bureau, Inc. **Argued:** *Nelson D. Cary.*

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Appellant, LeAndra Middlebrook, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying her motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellee United Collection Bureau, Inc. employed Middlebrook from May 11, 2015, until her discharge on March 2, 2016. A few days after her discharge, Middlebrook applied for unemployment compensation benefits. In April 2016, the

Director of the Ohio Department of Job and Family Services ("ODJFS") determined that Middlebrook was discharged with just cause and therefore not eligible for benefits. Middlebrook appealed the Director's decision and the matter was transferred to the Unemployment Compensation Review Commission ("commission"). On May 10, 2016, a commission hearing officer held a telephone hearing regarding the matter. Nine days later, the hearing officer issued a decision affirming the Director's determination that Middlebrook was not eligible for benefits. In June 2016, the commission disallowed Middlebrook's request for further review, and Middlebrook timely appealed from that decision to the trial court.

{¶ 3} On December 23, 2016, and as required under R.C. 4141.282(F), the commission filed with the trial court a certified record of proceedings regarding Middlebrook's application for unemployment benefits. The parties briefed the appeal, and, on January 24, 2017, the trial court filed a decision and judgment entry affirming the commission's decision. Middlebrook did not timely appeal from that judgment. However, in April 2017, Middlebrook filed a motion with the trial court requesting relief from judgment pursuant to Civ.R. 60(B). In support, she asserted that she did not receive the administrative record from the commission until three months after the trial court filed its judgment. The trial court denied Middlebrook's Civ.R. 60(B) motion, and she timely appeals from that ruling.

## II. Assignments of Error

{¶ 4} Middlebrook assigns the following errors for our review:

> [1.] The transcript that was supposed to be sent to me on 12/2016 did not arrive to my home until 3/2017 when my case (16 CV 000802) was in civil court due to an error made by ODFJS. They did not look through the entire case file to get my current address which was is on file.
>
> [2.] Due to this erroe made by ODJFS not looking for the correct addres to send the transcript so that I could have replied in the legal timely manner cause my case to be dismissed by the judge.
>
> [3.] I received a phone call from a customer service representative of ODJFS about the transcript and he asked me what my current address was then asked me if I gave it in the

> court document. I assured him that I did and that all the transcript typist has to do was look through the file. This is reason why I filed an appeal for this case because I did nt know tht I was supposed to receive a copy for myself.

(Sic passim.)

### III. Discussion

{¶ 5} Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). Thus, an assignment of error must specify the alleged error on which an appellant relies to seek the reversal, vacation, or modification of an adverse judgment. *Traditions at Stygler Rd., Inc. v. Vargas-Smith*, 10th Dist. No. 15AP-69, 2015-Ohio-4684, ¶ 9.

{¶ 6} Collectively, Middlebrook's three assignments of error assert that she was prejudiced by ODJFS's alleged failure to timely provide her with a copy of the certified administrative record. She concludes that her delayed receipt of the certified administrative record resulted in the trial court affirming the decision of the commission. However, an alleged "error" of a party is not a proper ground for appeal because it does not allege error in any trial court ruling. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 8. Further, the trial court's judgment affirming the commission's decision is not directly before this court because Middlebrook did not appeal from that judgment. Nonetheless, it is clear that Middlebrook seeks a reversal of the trial court's denial of her motion for relief from judgment pursuant to Civ.R. 60(B). Therefore, we construe Middlebrook's assignments of error to allege that the trial court erred in denying her Civ.R. 60(B) motion.

{¶ 7} This case originally came before the trial court as an administrative appeal filed pursuant to R.C. 4141.282. R.C. 4141.282 confers on any "interested party" a right to appeal from a decision of the commission. *Pryor v. Dir., Ohio Dept. of Job & Family Servs.*, 148 Ohio St.3d 1, 2016-Ohio-2907, ¶ 12. In an appeal from a commission decision, the trial court must "hear the appeal on the certified record provided by the commission.

If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H).

{¶ 8} A trial court's decision on the merits of an appeal from the commission may be appealed to the court of appeals. R.C. 4141.282(I). However, Civ.R. 60(B) does not provide an alternative means to challenge that judgment. The civil rules do not apply when a procedural statute governs a special statutory proceeding and that statute renders the civil rule at issue "clearly inapplicable." *Ferguson v. State*, ___ Ohio St.3d ___, 2017-Ohio-7844, ¶ 21; Civ.R. 1(C) ("to the extent that [the civil rules] would by their nature be clearly inapplicable, [they] shall not apply to procedure * * * in * * * special statutory proceedings."). An administrative appeal filed pursuant to statute is a special statutory proceeding. *McCourt v. Weather-Tite Aristocrat*, 8th Dist. No. 39614 (Nov. 8, 1979). Additionally, because a common pleas court acts as an appellate court in matters of administrative review, application of Civ.R. 60(B) would be inappropriate in such a context. *McConnell v. Administrator*, 10th Dist. No. 96AP-360 (Sept. 3, 1996). Thus, Civ.R. 60(B) is not a permissible mechanism to challenge a common pleas court's judgment in an administrative appeal. *Griffin v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 11AP-1126, 2012-Ohio-3655, ¶ 7. Because Civ.R. 60(B) does not apply to administrative appeals, the trial court properly denied Middlebrook's motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 9} Accordingly, we overrule Middlebrook's first, second, and third assignments of error.

## IV. Disposition

{¶ 10} Having overruled Middlebrook's first, second, and third assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, SADLER, and LUPER SCHUSTER, JJ.