[Cite as *Scott v. Akron Hous. Appeals Bd.*, 2019-Ohio-5333.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOYCE SCOTT, EXECUTRIX

     Appellant

     v.

AKRON HOUSING APPEALS BOARD

     Appellee

C.A. Nos.    29163
                29274

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-04-1708

DECISION AND JOURNAL ENTRY

Dated: December 26, 2019

TEODOSIO, Presiding Judge.

{¶1} Joyce Scott appeals the judgment of the Summit County Court of Common Pleas dismissing her administrative appeal and its order denying her motion for relief from judgment. We affirm.

I.

{¶2} In March 2018, the City of Akron Housing Appeals Board ordered the demolition of the structure located at 1291 Tampa Avenue. Joyce Scott appealed the decision to the Summit County Court of Common Pleas, which dismissed the appeal pursuant to Loc.R. 19.03(D) of the Court of Common Pleas of Summit County, General Division, for Ms. Scott's failure to file her assignments of error and brief. Ms. Scott appealed the judgment to this Court and also filed a Civ.R. 60(B) motion for relief from judgment with the court of common pleas. We remanded to the court of common pleas for consideration of the motion.

{¶3} The court of common pleas denied the motion, concluding that Ms. Scott had failed to provide operative facts that would support her claim of a meritorious defense. Ms. Scott subsequently appealed that decision to this Court, which we have consolidated with the prior appeal. Each of Ms. Scott's appeals raise one assignment of error, which are addressed separately below.

II.

ASSIGNMENT OF ERROR (No. 29163)

THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S ADMINISTRATIVE APPEAL.

{¶4} In her first assignment of error, Ms. Scott argues the court of common pleas abused its discretion when it sua sponte dismissed her appeal for failure to file a brief. We disagree.

{¶5} "We review the [court of common pleas'] interpretation or application of its local rules for an abuse of discretion." *Meador v. Bath Twp.*, 9th Dist. Summit No. 25007, 2010–Ohio–2570, ¶ 8. An abuse of discretion is more than an error of judgment; it means that the court of common pleas was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the court of common pleas. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} The local rule relied upon by the court of common pleas provides: "Within thirty (30) days after the filing of the Record of Proceedings with the Clerk, the appellant shall file its assignments of error and brief * * *." Loc.R. 19.03(A) of the Court of Common Pleas of Summit County, General Division. The rule further instructs: "For good cause shown, the Court may, upon motion, extend or otherwise modify the foregoing schedule. If the appellant fails to

file its brief and assignments of error within the time provided, the Court may dismiss the appeal or otherwise dispose of the case as justice requires." Loc.R. 19.03(D) of the Court of Common Pleas of Summit County, General Division.

{¶7} The record of proceedings was filed on June 28, 2018. Pursuant to Loc.R. 19.03(A), Ms. Scott's assignments of error and brief were due on or before July 30, 2018 (with July 28, 2018, having fallen on a Saturday). Ms. Scott did not motion the court of common pleas to extend or otherwise modify the briefing schedule, and on August 2, 2018, the court dismissed the matter pursuant to Loc.R. 19.03(D).

{¶8} Ms. Scott relies on an Eighth District Court of Appeals case, *A.G. & G. Co. v. Cuyahoga Cty. Bd. of Revision*, 47 Ohio App.3d 117 (8th Dist.1988), in support of her argument. In *A.G. & G.*, an administrative appeal had been filed with the Cuyahoga County Court of Common Pleas, and pursuant to a local rule, the appellant had 20 days after the filing of the transcript of proceedings to file its assignments of error and brief. *Id.* at 117; Local Rule 28(A) of the Court of Common Pleas of Cuyahoga County, General Division. The appellant failed to do so, and upon the appellee's motion, the court of common pleas dismissed the appeal for failure to comply with the local rule. *Id.* The Eighth District Court of Appeals reversed, concluding that the common pleas court abused its discretion in dismissing the appeal, stating that if found the sanction to be "disproportionately harsh." *Id.* at 118.

{¶9} Although the case relied upon by Ms. Scott is merely persuasive authority, and not mandatory authority, for this Court, we also note that the matter currently before us for review is distinguishable. Unlike the Cuyahoga County local rule at issue in *A.G. & G.*, the Summit County local rule specifically warns that failure to file a brief and assignments of error within the time provided may result in dismissal of the appeal. *See* Loc.R. 19.03(D) of the Court

of Common Pleas of Summit County, General Division.  Appellant therefore had notice of the possibility of dismissal.

{¶10}  Ms. Scott has not asserted on appeal that she did not have sufficient notice of the consequences of failing to file a brief, nor has she asserted that she was not served with the notice of the filing of the record of proceedings. *See Hodges v. Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 27246, 2015-Ohio-578, ¶ 11 (concluding that the court of common pleas did not abuse its discretion when it dismissed an administrative appeal pursuant to Loc.R. 19.03(D) for the appellant's failure to file a timely brief).  We therefore conclude the court of common pleas did not abuse its discretion in dismissing the administrative appeal.

{¶11}  Ms. Scott's first assignment of error is overruled.

ASSIGNMENT OF ERROR (No. 29274)

THE  TRIAL  COURT  ABUSED  ITS  DISCRETION  BY  DENYING  THE
APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶12}  In her second assignment of error, Ms. Scott argues the court of common pleas abused its discretion by denying her motion for relief from judgment.  We do not reach the merits of this assignment of error as we conclude that a Civ.R. 60(B) motion for relief from judgment is inapplicable to an administrative appeal and is properly denied.

{¶13}  Civ.R. 1(A) provides that the civil rules prescribe the procedure to be followed in all courts of the state, with certain exceptions stated in division (C) of the rule.  Civ.R. 1(C) provides that the rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * [in] special statutory proceedings * * *." *See Middlebrook v. United Collection Bureau, Inc.*, 10th Dist. Franklin No. 17AP-280, 2017-Ohio-8587, ¶ 8, citing *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, ¶ 21 ("The civil rules do not apply

when a procedural statute governs a special statutory proceeding and that statute renders the civil rule at issue 'clearly inapplicable.'").

{¶14} "An administrative appeal filed pursuant to statute is a special statutory proceeding." *Id*. "R.C. Chapter 119 relates to administrative procedures generally and sets forth specifically at R.C. 119.12 the statutory proceedings for these administrative appeals: 'The judgment of the court shall be final and conclusive unless reversed, vacated, or modified *on appeal*.'" (Emphasis sic.) *Buchler v. Ohio Dept. of Commerce*, 110 Ohio App.3d 20, 22 (8th Dist.1996), quoting R.C. 119.12. "Because a motion for relief from judgment under Civ.R. 60(B) is inconsistent with this specific statutory provision and because R.C. 119.12 does not provide for a motion for relief from judgment of a court on an administrative appeal, Civ.R. 60(B) does not apply to administrative appeals, and the trial court in this instance lacked the ability to entertain the motion for relief from its original judgment." *Id.*; *see also Middlebrook* at ¶ 8 ("[B]ecause a common pleas court acts as an appellate court in matters of administrative review, application of Civ.R. 60(B) would be inappropriate in such a context."). Consequently, "Civ.R. 60(B) is not a permissible mechanism to challenge a common pleas court's judgment in an administrative appeal." *Middlebrook* at ¶ 8.

{¶15} Because we conclude that a Civ.R. 60(B) motion for relief from judgment was inapplicable to this administrative appeal, Ms. Scott's second assignment of error is overruled.

III.

{¶16} Ms. Scott's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


                                  _____
                                  THOMAS A. TEODOSIO
                                  FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.